OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be affirmed.
 

 Section 180.50 of the Criminal Procedure Law provides a mechanism for reducing charges in a felony complaint to offenses other than felonies. If the prosecutor consents, the local criminal court must first inquire into whether the facts and evidence provide a basis for charging a nonfelony offense (CPL 180.50 [1]). Only if the court is satisfied, after such an inquiry, that there is reasonable cause to believe that the defendant committed a nonfelony offense may the court order the indicated reduction.
 

 As the Village Court acknowledged here, it undertook no inquiry to determine whether the facts surrounding the defendant’s conduct warranted reduction of the second degree assault (Penal Law § 120.05) charge to third degree assault (Penal Law § 120.00). With no judicial inquiry prior to the prosecution’s filing of the misdemeanor information or before the felony complaint was marked to reflect the reduction in charge, there was no conversion to the misdemeanor charge. The third degree assault charge was therefore properly dismissed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.