*357 OPINION OF THE COURT
Harold Adler, J.
This decision addresses the procedure for reducing felonies to misdemeanors, a procedure that is performed hundreds of times each day and that has direct bearing on the legitimacy and viability of many thousands of pending cases in lower criminal courts across this State.
The confusing language of CPL 180.50, which establishes a procedure for the reduction of felonies to misdemeanors, has resulted in two recent Court of Appeals decisions, People v Yolles (92 NY2d 960 [1998]) and People v Dion (93 NY2d 893 [1999], rearg denied 93 NY2d 1042 [1999]). Despite those decisions, uncertainty still exists about some aspects of CPL 180.50. The current decision addresses some of those uncertainties.
On September 13, 1998 the defendant,was arraigned and charged with a felony (Penal Law § 120.05 [2]), three misdemeanors (Penal Law § 260.10 [1]; § 265.01 [2]; § 120.15) and a violation (Penal Law § 240.26 [1]). On September 18, 1998, at a pretrial stage, the People orally moved for reduction of the felony charge to a misdemeanor (Penal Law §§ 110.00, 120.00 [1]). The People and the defendant agree that the court granted the motion, although there is no conclusive record of this. (More on this later.) The defendant now moves for dismissal on the ground that the court, when it granted the motion to reduce, did not make inquiry as required by CPL 180.50.*
CPL 180.50 reads, in relevant part:
“1. Whether or not the defendant waives a hearing upon the felony complaint, the local criminal court may, upon consent of the district attorney, make inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed in subdivision three, be reduced from one for a felony to one for a non-felony offense. Upon such inquiry, the court may question any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned.
*358 “2. If after such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony, it may order the indicated reduction.”
Interpreting this statute, the Court of Appeals, in People v Yolles (supra), held that when considering a reduction from a felony to a misdemeanor, the court must make inquiry pursuant to CPL 180.50. In that case, the prosecutor independently marked the felony complaint in an attempt to reduce the charge to a misdemeanor. Inquiry by the court was not made. A trial was commenced and the defendant moved to dismiss on the ground that the People failed to comply with CPL 180.50 in reducing the original felony to a misdemeanor. The Court of Appeals upheld the trial court’s dismissal of that charge, writing:
“Section 180.50 of the Criminal Procedure Law provides a mechanism for reducing charges in a felony complaint to offenses other than felonies. If the prosecutor consents, the local criminal court must first inquire into whether the facts and evidence provide a basis for charging a nonfelony offense (CPL 180.50 [1]). Only if the court is satisfied, after such an inquiry, that there is reasonable cause to believe that the defendant committed a nonfelony offense may the court order the indicated reduction * * *
“With no judicial inquiry prior to the prosecution’s filing of the misdemeanor information or before the felony complaint was marked to reflect the reduction in charge, there was no conversion to the misdemeanor charge. The third degree assault charge was therefore properly dismissed.” (Supra, at 961.)
In the other recent Court of Appeals decision, People v Dion (93 NY2d 893 [1999], rearg denied 93 NY2d 1042 [1999]), the People, the defendant and the court all consented to a reduction from a felony to a misdemeanor. “Nevertheless, no reduction was accomplished because the court did not conform to the requirements of CPL 180.50.” (Supra, at 894.)
In the current case, the defense contends that the felony was reduced to a misdemeanor without the judicial inquiry depicted in CPL 180.50, and that this is error warranting dismissal. In response, the People argue that: (1) CPL 180.50 inquiry was not required; and (2) though not required, the court made the inquiry at the time of the reduction.
*359 Was CPL 180.50 Inquiry Required?
The People argue that the court was not required to make CPL 180.50 inquiry because “statutes are generally applied prospectively in the absence of express or necessarily implied language allowing retroactive effect.” This argument is clearly misplaced. CPL 180.50 was enacted many years before the reduction in this case. While two Court of Appeals cases interpreting CPL 180.50 were decided after the reduction in this case (People v Yolles, supra; People v Dion, supra), the statute itself was enacted in 1970 (L 1970, ch 996, § 1). Because CPL 180.50 was in effect at the time of the reduction, CPL 180.50 applies to the reduction.
Next, the People contend that the court’s failure to make inquiry was not error because CPL 180.50 does not require such inquiry. The requirement to make inquiry was established only by the Court of Appeals decision in Yolles (supra), the People contend, and because the reduction in the current case occurred before the Yolles decision, the court was not required to make inquiry. (The reduction in this case occurred on September 18, 1998. Yolles was decided on November 18, 1998.)
The People stress that CPL 180.50 (1) states that “the local criminal court may, upon consent of the district attorney, make inquiry” (emphasis added). The People argue that the word “may” means that inquiry is optional, not required.
Certainly, the word “may,” contained in subdivision (1) of CPL 180.50, does not fix a requirement, but merely gives permission or authority (as opposed to the word “must”). Pursuant to subdivision (1), a court may make inquiry. However, pursuant to subdivision (2), a court may order a reduction from a felony to a misdemeanor only after it makes inquiry. Subdivision (2) of CPL 180.50 states: “If after such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony, it may order the indicated reduction.”
While the language of CPL 180.50 is confusing, a thorough reading of it discloses its basic meaning. Pursuant to subdivision (1), a court may, upon consent of the District Attorney, make inquiry for the purposes of determining whether reduction from a felony to a misdemeanor is warranted. Pursuant to subdivision (2), a court may order the reduction if after such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony. Despite the misleading “may” in subdivision (1), the *360 language in subdivision (2) requires the court to make inquiry-before it reduces from a felony to a misdemeanor. And the Court’s decision in Yolles (supra) confirms this interpretation of the statute.
Further, it is clear that CPL 180.50 must be conformed to when reducing a felony complaint to a misdemeanor accusatory instrument. In People v Minor (144 Misc 2d 846 [App Term, 2d Dept 1989]), a reduction from felonies to misdemeanors was attempted. The only notation in the record was in the court docket to the effect of “ ‘Reduced 155.25, 165.40, 170.10 (6 counts), 190.25’ ” (at 847). The defendant made a CPL 30.30 speedy trial motion to dismiss premised upon the assumption that the felony was reduced to a misdemeanor and that the statutory speedy trial deadline was therefore 90 days after the reduction. (The People must be ready for trial within 90 days when the highest charge is a class A misdemeanor. Where the highest charge is a felony, the People have six months in which to be ready for trial.) The trial court granted the motion to dismiss and the Appellate Term reversed, holding that because the attempted reduction was ineffective, the felony charge was still pending and the People therefore had six months in which to be ready. The Appellate Term wrote: “A felony complaint may only be converted to a misdemeanor accusatory instrument pursuant to CPL 180.50. Insofar as is relevant herein, a felony complaint may be reduced to a misdemeanor instrument by making notations either upon or attached to the felony complaint which make the necessary and appropriate changes in the title of the instrument and in the names of the offenses charged (CPL 180.50 [3] [a] [iii]; [b]). A notation in the court docket is without effect. An attempted reduction of a felony complaint, even though acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending!.]” (Supra, 144 Misc 2d, at 848.)
What is Inquiry?
While the Court of Appeals in Yolles (92 NY2d 960, supra) ruled that CPL 180.50 inquiry must be made before a court reduces a felony to a misdemeanor, it did not provide guidance as to what constitutes inquiry. This is particularly unfortunate given the confusing language of the statute.
The statute requires an inquiry into “the available facts and evidence relating to the conduct underlying the felony complaint” (CPL 180.50 [1] [a]) and permits a court to “ques- *361 tian any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned.” (CPL 180.50 [1].)
Prior to Yolles (supra), Judges regularly reduced felonies to misdemeanors without doing anything more than reading the felony complaint to ascertain whether the new misdemeanor charge is supported by the allegations, marking the accusatory instrument to reflect the reduction and marking his or her initials next to the change. It is unclear whether this was done with the belief that CPL 180.50 inquiry was not required or with the belief that an off-the-record review of the felony complaint was sufficient to satisfy the CPL 180.50 inquiry requirement. However, now that it is clear that “judicial inquiry” is required (People v Yolles, supra) the question of what constitutes “judicial inquiry” has become a subject of controversy at the trial level. What inquiries must a Judge make before ordering a reduction? Is it enough to simply read the felony complaint? Must the Judge ask questions? While these issues now arise frequently, no recently published decision directly addresses them.
It is clear that the People must consent to a Judge’s CPL 180.50 inquiry. (People ex rel. Leventhal v Warden, 102 AD2d 317 [1st Dept 1984]; CPL 180.50 [1].) It is also clear that when a felony is reduced to a misdemeanor, CPL 180.50 must be followed. (People v Dion, supra; People v Minor, supra; see also, People v Lehrer, 144 Misc 2d 701 [Crim Ct, NY County 1989].) And it recently became authoritatively clear that court inquiry is required. (People v Yolles, supra.) However, what constitutes “inquiry” is still not clear.
Nine years ago, in People v Harris (148 Misc 2d 408, 412 [Crim Ct, NY County 1990]), the court addressed the issue of what, for CPL 180.50 purposes, constitutes inquiry. In that case (at 413-414) “the court reviewed the accusatory instrument, found an adequate basis in the facts contained therein to support the misdemeanor charge and made notations on the felony complaint indicating its conversion to a misdemeanor complaint.” The court concluded: “This procedure suffices for purposes of CPL 180.50.” (Supra, at 414.)
The proposition set forth in Harris (supra) — that where a sufficient basis for reduction appears on the face of the felony complaint, a review of that document constitutes a sufficient inquiry — is not inconsistent with People v Yolles (supra) and is, in fact, consistent with the statute, specifically with subdivision (3) (a).
*362 CPL 180.50 (3) (a) provides a standard that the court must meet before reducing from a felony to a misdemeanor. That subdivision states that the court may order the reduction “[i]f the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question.” (CPL 180.50 [3] [a].) While that subdivision does not specify that this is what is meant by “inquiry,” it does provide strong support for concluding that an examination of the complaint and/or supporting depositions satisfies the CPL 180.50 requirement for inquiry.
In sum, before a court orders a reduction from a felony to a misdemeanor, it must make inquiry. The court’s inquiry may include questioning of “any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned.” (CPL 180.50 [1].) However, such questioning is permissive only, and is not required. Neither the statute nor case law requires that a court question- people before making the reduction. Lastly, a standard for reduction is contained in CPL 180.50 (3) (a). This standard focuses on whether “the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question” (CPL 180.50 [3] [a]).
Was There Inquiry in the Current Case?
The People contend that when, on September 18, 1998, they made an oral application to reduce the felony to a misdemeanor, the court inquired as to why the case was being reduced. The People state that “a considerable discussion regarding the facts of this case occurred. Defense counsel * * * explained his version of the facts of the case” (People’s answering affirmation, dated Aug. 2, 1999, at 6).
Upon reading the transcript from September 18, 1998, it is clear that the “considerable discussion” concerned only the issue of an order of protection. None of the discussion concerned reduction of the félony to a misdemeanor. There was no discussion of the facts or the evidence relating to the conduct underlying the felony complaint and there is no indication that any person who possessed information relevant to the matter was questioned.
It is this court’s view that a court can effectively reduce a felony to a misdemeanor without questioning any person who may possess relevant information, because the “inquiry” *363 requirement of CPL 180.50 (1) can be satisfied by examining the sufficiency of the factual allegations and/or supporting depositions. (See, People v Harris, supra; CPL 180.50 [3] [a].) However, in the current case, the record does not reflect that such an examination was made. The transcript shows that the People stated: “Your Honor, at this time, I’d like to make the following reduction. Count 1, I’d like to reduce from 120.05 (2) to Penal Law section 120.00, assault in the 3rd degree, retain all other misdemeanor counts and, at this time, the People would ask that this be deemed an information.” The record does not show that the Judge examined “the factual allegations of the felony complaint and/or any supporting depositions” (CPL 180.50 [3] [a]), or inquired in any other way. Nor does it show that the Judge even agreed to the People’s proposed reduction.
Further, the court action sheet (on which the Judge at each court date notates a brief outline of the action taken) shows no indication of the proposed reduction.
Next, it cannot be concluded that the handwritten markings on the accusatory instrument — which reduce the felony (Penal Law § 120.05 [2]) to a misdemeanor (Penal Law §§ 110.00, 120.00 [1]) — were made by the Judge. Because the markings on the accusatory instrument were made with two kinds of inks and each ink was applied with a different style of handwriting, it can be deduced that the markings were made on two separate occasions by two different Judges. Only one of the markings is dated and initialed. The date of these markings differs from the date that the attempted reduction was made and the initials differ from those of the Judge who, it is asserted, attempted to make the reductions. The other handwritten markings — the ones relevant to the current issue and which change Penal Law § 120.05 (2) (assault in the second degree) to Penal Law §§ 110.00 and 120.00 (1) (attempted assault in the third degree) — are neither initialed nor dated.
As these markings are neither initialed nor dated, they do not show that they were made by the Judge before whom this case was heard on September 18, 1998. In fact, it is not certain who made them. The markings are too cryptic and ambiguous to be given effect. (See, People v Jones, 151 Misc 2d 582 [App Term, 2d Dept 1991].) Because there is no record that the reduction was performed by the court after inquiry, it cannot be concluded that the reduction conformed to the requirements of CPL 180.50.
Although both the People and the defendant conclude that the Judge on September 18, 1998 made the reduction, this is *364 without support from the record. Neither the transcript nor the markings on the accusatory instrument nor the markings on the court action sheet show that the reduction was made by the Judge on that date.
More importantly, the record does not indicate that the court made inquiry into the appropriateness of the reduction. Therefore, there was no effective reduction.
Accordingly, the attempt to reduce the felony charge of Penal Law § 120.05 (2) to the misdemeanor charge of Penal Law §§ 110.00 and 120.00 (1) was ineffective. Thus, the felony charge of Penal Law § 120.05 (2) remains and the misdemeanor charge of Penal Law §§ 110.00 and 120.00 (1) is dismissed. The matter is referred to Supreme Court for further proceedings on the felony complaint. Lastly, although the ineffective reduction may have ramifications on CPL 30.30 speedy trial determinations, this issue is not currently before this court.

 Although the defendant moves for dismissal of the entire action, his argument applies only to Penal Law §§ 110.00 and 120.00 (1) (the misdemeanor that was reduced from a felony). Similarly, the People’s response addresses only this charge. Accordingly, this court treats the motion as applying only to the charge of Penal Law §§ 110.00 and 120.00 (1).