OPINION OF THE COURT
Ira J. Raab, J.
*720 The failure of a local criminal court to comply with the felony complaint “inquiry” reduction process required by CPL 180.50 results in the dismissal of the prosecutor’s information and reinstatement of the felony complaint, even though defense counsel consents to the reduction. The court voices displeasure by the actions of the police in overcharging the defendant with a felony complaint, causing the prosecutor to seek a reduction to a misdemeanor by prosecutor’s information to avoid dismissal for insufficiency.
This is a motion by defendant to dismiss the accusatory instrument as being insufficient on its face, pursuant to CPL 100.15, 100.40, 170.30 and 170.35. Defendant also seeks a dismissal in the furtherance of justice as a matter of judicial discretion, pursuant to CPL 170.40.
The defendant is age 16, and has no prior criminal record. On September 18, 1998, he was arrested, and on September 19, 1998, he was arraigned in Arraignment Part A of the Nassau County District Court. He was charged by a felony complaint, sworn to by Nassau County Police Officer Michael T. Morgan, with violating Penal Law § 120.05 (2), assault in the second degree, a class D felony, for allegedly intentionally hitting the complainant in the head with a glass liquor bottle, causing a laceration and contusions. Officer Morgan does not state the source of the information contained in the felony complaint. Although not required, no supporting deposition was annexed to the felony complaint. The felony complaint was prepared by the police, and not by the prosecutor. The case was adjourned to Felony Part 9 of the District Court for conference.
On January 8, 1999, after six additional consent adjournments, the case was waived for action by a Grand Jury and transferred from the District Court to the County Court for further proceedings, and assigned to County Court Judge Paul E. Kowtna. The case was never presented to a Grand Jury.
On March 5, 1999, Assistant District Attorney William Uh-linger filed an application in the County Court, pursuant to CPL 180.40, to return the matter to the District Court for further review toward the reduction of the charge of assault in the second degree, a class D felony, to a charge of assault in the third degree, a class A misdemeanor. The Assistant District Attorney based his application on “the fact that issues exist concerning the level of injury and defendant’s participation, coupled with the fact that defendant has no record of prior conviction.” The application was accompanied by a copy of the *721 felony complaint, and a copy of defendant’s NYSID criminal history report. Although not required, no supporting deposition was annexed to the application.
On March 10, 1999, Judge Kowtna ordered that the matter be returned to the District Court, the local criminal court, for further review, pursuant to CPL article 180.
On March 25, 1999, the matter came before the Nassau County District Court Judge Joel B. Gewanter in Felony Part 9. Assistant District Attorney George Ward consented to an “inquiry by the Court with regard to a possible reduction of charge,” served upon defense counsel and filed with the court a copy of a supporting deposition, and asked the court to direct the People to file a prosecutor’s information. Pursuant to CPL 180.50 (3) (a) (i), the Assistant District Attorney orally moved to reduce and convert the charge of Penal Law § 120.05 (2), assault in the second degree, a class D felony, to charges of Penal Law § 120.00 (1), (2) and (3), assault in the third degree, and § 265.01 (2), criminal possession of a weapon in the fourth degree, all class A misdemeanors. Although it is not required to set forth the basis for the reduction, the Assistant District Attorney based his consent to the inquiry on “the fact that defendant has no prior record.” No mention was made of the concern about “the level of injury and defendant’s participation.”
Counsel for the defendant joined in the People’s application. Judge Gewanter then granted the application, stating: “the court: Following an inquiry by the court based upon the factual information supplied by the assistant district attorney and in the interest of justice * * * the Court hereby directs the District Attorney’s Office to file a Prosecutor’s Information.” However, no “inquiry” was ever made by the court. The Assistant District Attorney merely told the Judge that the defendant had no prior record. There was no mention of, and no inquiry into, the issues of the element of the “level of injury” to the complainant, nor of the “defendant’s participation in the crime.”
The five supporting depositions that were filed with the court at the time of the application did not set forth the “level of injury” to the complainant, other than a visual description of a cut and swelling on the head, a big bump on the forehead, and bleeding knees. The five supporting depositions do not connect the defendant to the alleged crimes, neither as the assailant, nor as an aider or abetter. In fact, the supporting deposition of Vaugh Ryan names another person, a codefendant, as the person who hit the complainant on the head with the bottle.
*722 On April 6, 1999, the District Attorney filed with the Clerk of the District Court a four-count prosecutor’s information charging the defendant with violating Penal Law § 120.00 (1), (2) and (3), assault in the third degree, and Penal Law § 265.01, criminal possession of a weapon in the fourth degree, all class A misdemeanors, for allegedly intentionally striking the complainant on the head, thereby causing physical injury, which necessitated medical attention.
On April 9, 1999, the matter came before Nassau County District Court Judge Margaret C. Reilly in Arraignment Part A. Upon the application of the Assistant District Attorney, the felony complaint was dismissed pursuant to CPL 180.50 (3) (d), and replaced by the four-count prosecutor’s information. The defendant, through his attorney, entered a plea of “not guilty,” waived a reading of the accusatory instrument, demanded a jury trial, and requested a conference date. The defendant’s attorney stated that he had a motion to dismiss that he was going to file. The case was adjourned to May 15, 1999, in Part 15, for conference.
On April 9, 1999, the defendant served and filed a notice of motion for an order: to dismiss the prosecutor’s information as being insufficient on its face pursuant to CPL 100.15 (3); 100.40 (1) (b) and (c); 170.30 and 170.35; to renew defendant’s previous motion to dismiss; and for such other and further relief as to the court may seem just, equitable and proper. The court file does not contain a previous motion to dismiss, nor do the court reporters’ transcripts make any reference to a previous motion to dismiss.
On June 9, 1999, the People served and filed an affirmation in opposition, contending that CPL 100.15 and 100.40 do not apply to prosecutor’s informátions; and that the content of the prosecutor’s information, in this case, is governed by, and complies with, CPL 100.35, 100.40 (3); 200.50 and 200.50 (7).
On June 16, 1999, the defendant served and filed a reply affirmation, contending that the arguments posed by the People’s opposition papers create an improper “Loophole.” According to the defendant, “something is rotten in the state of the New York Criminal Procedure Law” because of the following circumventing scenario:
A police officer and/or prosecutor is confronted by a case that should have been processed as a nonfelony charge. However, they do not have sufficient nonhearsay evidentiary information to satisfy the requirements of CPL 100.15 and 100.40. As an example, there is insufficient factual support to establish phys *723 ical injury to the complainant, or to establish that the defendant was the perpetrator. So, rather than proceed by information or misdemeanor complaint, they overcharge or upgrade the charge to a felony, and proceed by a felony complaint. The defendant is arraigned in the local criminal court on the felony complaint, and the case is adjourned to the Felony Part, where the case is waived by defendant for the action by a Grand Jury and transferred to the superior court. Routinely, the case is not presented to a Grand Jury, and the prosecutor asks the superior court to return the case to the local criminal court for reduction of the felony charge to a nonfelony charge. After an alleged “inquiry,” the Felony Part Judge directs the prosecutor to serve and file a prosecutor’s information. The case goes back to the local criminal court, where the felony complaint is dismissed and is replaced by a prosecutor’s information. Thus, in this roundabout, overcharging, reducing, and returning process, dismissal is avoided, as the case would have had to be dismissed had the case originally been commenced as a misdemeanor.
On June 30, 1999, the People served, and on July 1, 1999, the People filed, a sur-reply affirmation contending that the prosecutor’s information is sufficient, as it asserts factual statements supporting every element of the offenses; that supporting nonhearsay evidentiary information is not required for a prosecutor’s information; that the prosecutor’s information was based upon the prior judicial determination by Judge Gewanter that the factual information supports the charges in question; and that the defendant’s within motion is a collateral attack upon the findings made by Judge Gewanter, thereby preventing a redetermination by a Judge of coordinate jurisdiction.
On July 1, 1999, the matter came before this court for oral argument. The attorneys reiterated the arguments contained in their submitted motion papers. In discussing the alleged “inquiry” by Judge Gewanter, defense counsel stated: “I was there and the record will bear me out. There was no review made by the judge in Part 9 and I don’t think there ever has been based on the system the way we have it. No judge is sitting there reading the supporting depositions to determine whether — and * * * nobody is reading the supporting depositions to determine whether they are, [sic] they support the charge. It was never done in this case.”
The defendant’s motion for dismissal of the accusatory instrument “pursuant to Criminal Procedure Law sections 100.15, 100.40, 170.30 and 170.35” is, in all respects, denied. *724 There is no proper legal basis argued by defense counsel to support an award of the requested relief.
The court notes that CPL 100.40 (1) (b), cited by defense counsel, governs the sufficiency of “informations” and has no applicability to prosecutor’s informations. Rather, CPL 100.40 (3) governs the form and content of prosecutor’s informations. CPL 100.40 (3) states that a "prosecutor’s information * * * is sufficient on its face when it substantially conforms to the requirements prescribed in section 100.35.” CPL 100.35 requires, among other things, that the prosecutor’s information “should be in the form prescribed for an indictment, pursuant to section 200.50.” CPL 200.50 (7) (a) requires that the accusatory instrument contain a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts “facts” supporting every element of the offense charged and the defendant’s commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation. CPL 100.35 also requires that the prosecutor’s information “contain the name of the local criminal court with which it is filed and the title of the action, and must be subscribed by the district attorney by whom it is filed.” It must “allege the offense or offenses charged and a plain and concise statement of the conduct constituting each such offense.” (CPL 100.35.)
Defense counsel also incorrectly cites CPL 100.15 in support of his motion. As the People correctly point oút, CPL 100.15 does not govern the requisite form and content of a prosecutor’s information. The court restates that the form and content of prosecutor’s informations are prescribed by CPL 100.35.
Defendant’s claim that the accusatory instrument is insufficient because it lacks nonhearsay allegations identifying the defendant is also without merit. The court notes there is no legal authority supporting defendant’s argument that a prosecutor’s information is required to contain such nonhearsay allegations in order to be facially sufficient. For the foregoing reasons, defendant’s instant motion must be denied.
Nevertheless, for the reasons stated below, the prosecutor’s information must be dismissed, and the felony complaint reinstated, and the matter must be referred to Felony Part 9 for further proceedings.
The drafters of the Criminal Procedure Law provided for the reduction of felony complaints in order to expedite the resolution of less serious cases in local criminal courts, and in order that superior courts not be cluttered up with cases that do not *725 truly merit prosecutions as felonies. (People v Young, 123 Misc 2d 486 [Crim Ct, Bronx County 1984].)
Accordingly, the simple expedient by the police or a District Attorney of overcharging a case as a felony, and later reducing the charge to a misdemeanor, when the charge should have been a misdemeanor in the first instance, is contrary to the principles that underlie the legislative intent and purpose in providing the CPL 180.50 reduction process. Such overcharging and reduction nullifies the purpose of CPL 180.50, and results in prejudice to a defendant. CPL 180.50 (1) provides that upon the consent of the District Attorney, the local criminal court Judge may make inquiry for the purpose of determining whether: “(a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony.” What was the “inquiry” in the within case? It was solely the Assistant District Attorney’s statement that the defendant had no prior record. There was no inquiry as to any facts and evidence. There was no inquiry during the reduction process relating to the conduct underlying the felony complaint. There was no inquiry as to the basis for charging the defendant with a nonfelony offense.
Although the Assistant District Attorney filed a supporting deposition with the court, the record does not reflect that the court ever “examined” it. This was confirmed by defense counsel, and not contradicted by the Assistant District Attorney, during oral argument before this court. (People v Liburb, 182 Misc 2d 356 [Crim Ct, Bronx County 1999].)
The statute’s use of the words “the local criminal court may” before the words “make inquiry” (CPL 180.50 [1]) appears as though the making of the inquiry is discretionary. However, once the local criminal court Judge decides to exercise such discretion to make an inquiry, the inquiry must satisfy the mandated statutory purpose.
By failing to follow the terms of the statute, the local criminal court did not make an “inquiry,” and the resulting prosecutor’s information must be dismissed (People v Yolles, 92 NY2d 960 [1998]), even though defense counsel consented to the reduction. (People v Dion, 93 NY2d 893 [1999]; People v Grune, 175 Misc 2d 281 [App Term, 2d Dept 1997]; People v Jones, 151 Misc 2d 582 [App Term, 2d Dept 1991]; People v Page, 177 Misc 2d 448 [Crim Ct, Bronx County 1998].) If the reduction was improper, it was ineffective, leaving the felony complaint still pending. (People v Minor, 144 Misc 2d 846 [App Term, 2d Dept 1989]; People v Jones, supra.)
*726 The alleged “inquiry” in the within case consisted of the Assistant District Attorney merely stating that “the defendant has no prior record.” The defense counsel merely joined in the application. There was no inquiry as to the charges, nor as to the issues of the “level of injury” of the complainant or the “identification of the defendant” (as had been told to the superior court Judge by the Assistant District Attorney).
Accordingly, the prosecutor’s information is dismissed and the felony complaint is reinstated, and the case is hereby transferred back to Felony Part 9 for further proceedings as required by CPL 180.50. (People v Grune, 164 Misc 2d 1047 [App Term, 2d Dept 1995]; People v Minor, supra; People ex rel. Leventhal v Warden, 102 AD2d 317 [1st Dept 1984]; People v Young, supra.)
The defendant’s motion for dismissal in the furtherance of justice as a matter of judicial discretion, pursuant to CPL 170.40, is, in all respects, denied as moot.
In the instant case, the court finds no fault with the prosecutor in the preparation of the felony complaint, which was in fact prepared by the police.
The court recommends that in the future the District Attorney consider having Assistant District Attorneys prepare felony complaints, rather than rely upon the police for the preparation of such important documents.