Parness, J.
(concurring). By a felony complaint dated July 27, 1997, defendant initially was charged, inter alia, with rape in the second degree, a class D felony, upon allegations that he engaged in sexual intercourse with the then 11-year-old complainant “against her will.” The felony rape charge was reduced on the People’s motion on September 11, 1997, and defendant ultimately was tried upon a misdemeanor information alleging two incidents of sexual intercourse between defendant and the infant complainant, the first at some point during April of 1994 and the second on May 14, 1994, and charging, inter alia, two counts of attempted sexual misconduct (Penal Law §§ 110.00, 130.20 [1]), two counts of attempted sexual abuse (Penal Law §§ 110.00, 130.60 [2]), and two counts of menacing in the third degree (Penal Law § 120.15), each a class B misdemeanor. Defendant was convicted on all counts following a bench trial.
I concur in the result reached by the majority, but write separately to acknowledge my concerns over an unpreserved and, indeed, unbriefed aspect of the case: the absence of a record showing that the reduction of the initial felony rape charge *597 to nonfelony status was accompanied by the requisite judicial inquiry (see, CPL 180.50; People v Yolles, 92 NY2d 960). Though the District Attorney has been held to have wide latitude to determine how a crime is to be prosecuted, including the right to add, modify or reduce a charge (People v Zimmer, 51 NY2d 390; People v Di Falco, 44 NY2d 482), the Judge presiding is not a mere passive player in the process. In circumstances where a complaint charges a felony, any reduction of the charge to the misdemeanor level is subject, after inquiry, to the court’s “satisflaction] that [the] reduction is in the interest of justice” (CPL 180.50 [2] [b]; People v Yolles, supra). That is not to say that the reduction of the charges herein to the class B misdemeanor level may not have been warranted. However, on the present state of the record, we are left to speculate as to the reasons underlying the decision to prosecute this case at a nonjury, class B misdemeanor level. In the absence of a jurisdictional or “nonwaivable” defect (cf., People v Grune, 175 Misc 2d 281, 282), I must conclude that any noncompliance with the inquiry requirements of CPL 180.50 as may have occurred provides no basis for reversal.
Davis and Suarez, JJ., concur; Parness, P. J., concurs in a separate memorandum.