OPINION OF THE COURT
Ruth Pickholz, J.
On February 28, 2000, the defendants were arraigned on a felony complaint charging defendant Sandra English with assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (Penal Law § 205.30), and defendant Thomas English with obstructing governmental administration in the second degree (Penal Law § 195.05). After being adjourned several times for Grand Jury action, it appears that the court attempted to reduce the top charge pursuant to CPL 180.50. The notations in the court file for December 12, 2000, indicate that the assault charge was reduced from a class D felony to two counts of misdemeanor assault (Penal Law § 120.00 [1], [2]). The other charges remained the same.
Each defendant is currently charged by prosecutor’s information with one count of harassment in the second degree in violation of Penal Law § 240.26 (l).[1] It is not clear, however, if this prosecutor’s information was filed at the direction of the court following a reduction pursuant to CPL 180.50, or at the People’s own instance pursuant to CPL 100.50 (2).[2] Defendants have filed the instant motions to dismiss for facial insufficiency *232 on the grounds that the harassment count does not comply with CPL 100.40 (1) and 100.50. Defendant Thomas English also argues that the harassment count is unsupported by the facts of the original accusatory instrument because the original charge alleged a different intent. For the following reasons, defendants’ motions to dismiss are denied.
The original accusatory instrument provides:
“Police Officer Roger Campbell * * * deposes and says as follows * * *
“Deponent states that he is informed by Police Officer Brian Gargulio * * * that informant observed * * * defendant Sandra English kick the police car in which [Officer Gargulio] was sitting and yell ‘Why don’t you shoot me forty-one times?’ * * *
“Deponent is further informed by [Officer Gargulio] that when [Officer Gargulio] requested identification from defendant Sandra English, she refused. When [Officer Gargulio] attempted to place handcuffs on defendant Sandra English, she resisted in that she flailed her arms and twisted her body in an attempt to avoid being handcuffed. Defendant then scratches [sic] [Officer Gargulio’s] face causing [him] substantial pain and physical injury, to wit: a large gash across deponent’s [sic] face and neck.
“Deponent is further informed by [Officer Gargulio] that when [he] continued to attempt to handcuff defendant Sandra English, defendant Thomas English stepped in front of [Officer Gargulio] and pushed and shoved [him] causing [him] to lose his grip on defendant Sandra English and allowing her to scratch [him] in the face.”
Specifically, defendants argue that because these facts were based on information obtained from Officer Gargulio and not the observations of the deponent, the allegations are hearsay and render the prosecutor’s information insufficient in that it fails to comply with CPL 100.40 (1) and 100.50. The People maintain that the original information and supporting depositions do comply with the nonhearsay requirement of CPL 100.40 (1) (c), but that a prosecutor’s information need only comply with CPL 100.35, which does not require nonhearsay factual allegations to establish every element of the offense charged. The People are only partially correct.
The sufficiency of a prosecutor’s information that is filed at the direction of the court following a reduction in charges is *233 governed by a different standard than if it were filed at the People’s own instance. Pursuant to CPL 100.40 (3), a prosecutor’s information “is sufficient on its face when it substantially conforms to the requirements prescribed in [CPL] 100.35.” (CPL 100.40 [3].) According to CPL 100.35, a prosecutor’s information must be in the form prescribed for an indictment as set forth in CPL 200.50 and must allege the offense charged and a plain and concise statement of the conduct constituting the offense. (CPL 100.35.) CPL 200.50 requires an indictment to contain a “plain and concise factual statement” for each count which, without allegations of an evidentiary nature, asserts facts to support every element of the offense charged and defendant’s commission thereof “with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation.” (CPL 200.50 [7] [a].) Unlike CPL 100.15 (3) and 100.40 (1) (c), which set forth the requirements of a misdemeanor information, neither CPL 100.35 nor 200.50 require nonhearsay allegations to establish each and every element of the offense charged. Herein lies the problem.
CPL 100.50 (2) allows the People to file a prosecutor’s information at any time before trial of an information or a plea of guilty, charging any offenses that are supported by the factual allegations of the original information and any supporting depositions that accompany it “pursuant to the standards prescribed in [CPL 100.40 (1)].” (CPL 100.50 [2].) Pursuant to CPL 170.35 (3) (b), a prosecutor’s information is defective when it is filed at the prosecution’s own instance pursuant to CPL 100.50 (2), “and the factual allegations of the original information underlying it and any supporting depositions are not legally sufficient to support the charge in the prosecutor’s information” (emphasis added). The specific reference to CPL 100.40 (1) in CPL 100.50 (2), and to “legally sufficient” factual allegations in CPL 170.35 (3) (b), requires that the facts giving rise to the charges in the prosecutor’s information be judged by the standards applicable to misdemeanor informations. Thus, where a prosecutor’s information is filed pursuant to CPL 100.50 (2), the underlying information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offense charged, and must be supported by nonhearsay allegations that, if true, establish every element of the offense. (CPL 100.15 [3]; 100.40 [1] [b], [c].) To hold otherwise would vitiate the language of the Criminal Procedure Law and create a loophole that would allow the People to improperly supersede a jurisdictionally defective information with a prosecutor’s information.
*234 Thus all prosecutor’s informations must meet the requirements of CPL 100.35 and 100.40 (3). A prosecutor’s information filed pursuant to CPL 100.50 (2), however, must meet an additional requirement in that the allegations of the underlying information must comply with CPL 100.40 (1). If the court were to accept the People’s position, the court’s inquiry would come to an end once a prosecutor’s information is filed regardless of whether the facts underlying the original complaint were supported by nonhearsay allegations, so long as the new instrument complies with the requirements of CPL 100.35. This position, however, would enable the People to replace a defective misdemeanor information with a “facially sufficient” prosecutor’s information and proceed to trial in instances where the original instrument would have been subject to dismissal following judicial scrutiny, something the law does not allow.
The People rely on People v Crosby (140 Misc 2d 904 [Suffolk Dist Ct 1988]) and People v DeShazo (183 Misc 2d 719 [Nassau Dist Ct 2000]) for the proposition that CPL 100.40 (1) is not applicable to prosecutor’s informations and that such instruments need only comply with the requirements of CPL 100.40 (3) and 100.35. In both of these cases, however, a prosecutor’s information was not filed at the People’s own instance pursuant to CPL 100.50 but, rather, after a reduction of felony charges pursuant to CPL 180.50. To this extent, this court disagrees with the DeShazo court’s blanket ruling that CPL 100.40 (1) has no applicability to prosecutor’s informations. (See, DeShazo, 183 Misc 2d at 724.)
It is noteworthy, however, that even the DeShazo court recognized the necessity of reviewing the allegations that form the basis of the charge. DeShazo involved a matter that was overcharged as a felony assault by the police and was never presented to the Grand Jury. The People then consented to, and orally moved for, a reduction of the charge to a misdemeanor assault pursuant to CPL 180.50. The court then granted the application without inquiry into the level of injury suffered by the complainant or the participation of the defendant in the crime, and the People filed a prosecutor’s information charging the defendant with misdemeanor assault and related charges. Although the court ruled that a prosecutor’s information need only comply with CPL 100.35, the court still dismissed the prosecutor’s information and reinstated the felony complaint on the grounds that such overcharging and reduction without judicial inquiry was contrary to the legislative intent behind the reduction process, nullified the purpose of CPL 180.50, and resulted in prejudice to the defendant.
*235 Similarly, to allow the People to supersede an information without inquiry into the sufficiency of the underlying factual allegations would nullify the legislative intent and purpose of CPL 100.50 (2) and 100.40 (1). Indeed, any other outcome would clearly prejudice the defendant and circumvent the requirements of the law.
In any event, the defendants’ motion to dismiss the harassment count must be denied, as the prosecutor’s information in the instant matter is sufficient under both standards. The prosecutor’s information contains the name of the court in which it is filed and the title of the action, it is subscribed by the District Attorney, it is in the form prescribed for an indictment, and it contains a plain and concise statement of the conduct that constitutes each alleged offense. (See, CPL 100.35.) As such, it is sufficient on its face pursuant to CPL 100.40 (3) as the People maintain. Moreover, the court file contains a supporting deposition from Police Officer Brian Gargulio, the informant referred to in the original accusatory instrument, which corroborates the factual allegations in the original complaint. As such, the harassment charge in the prosecutor’s information is properly supported by the nonhearsay factual allegations of the original instrument and is sufficient pursuant to CPL 100.50 (2); 100.40 (1) and 170.35 (3) (b).
Turning now to the second claim, defendant Thomas English argues that the harassment count is unsupported by the facts of the original accusatory instrument because it represents a new theory of the case and a different intent from the original charge of obstructing governmental administration. The People fail to respond to this argument and, instead, set forth an argument regarding the People’s right to reduce and legal impossibility as it pertains to defendant Sandra English. For the following reasons, however, defendant’s argument is rejected.
That the People may have changed their theory of the case is of no import in a motion to dismiss for facial insufficiency, as such a motion deals only with whether the facts alleged are sufficient to support the offense charged. While it is true that a charge of obstructing governmental administration pursuant to Penal Law § 195.05 requires an intent to prevent a public servant from performing an official function, it cannot be said that the same conduct was not also meant to harass, annoy, or alarm that public servant so as to support a harassment charge. Therefore, this court holds that the People have set forth sufficient facts to establish that the defendant formed the *236 requisite intent to support a charge of harassment. It is clear that the defendant intended something by his alleged conduct, and whether or not the defendant intended to harass, annoy, or alarm the police officer is a question for a jury to determine.
Accordingly, defendants’ motion to dismiss the second count of the prosecutor’s information is denied in its entirety.

. Defendant Sandra English is also charged with one count of attempted assault in the third degree in violation of Penal Law §§ 110.00 and 120.00 (1). That count is not subject to this motion to dismiss.

. Further confusing the matter, in their affirmation in response the People state that the current charge of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) was “reduced” from assault in the third degree (Penal Law § 120.00 [3]). The court file has no such indication.