OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed. Defendant pleaded guilty to petit larceny (Penal Law § 155.25) following a reduction of the original charge from grand larceny in the third degree (Penal Law § 155.35). Upon appeal, defendant asserts that a reduction may occur only if the court conducts an inquiry as to whether the facts and the evidence provide a basis for charging the nonfelony offense and, after such inquiry, is satisfied that there is reasonable cause to believe that the defendant committed the nonfelony offense. He states that the record here reveals no such inquiry. He further posits that there is nothing in the record showing that the court made the notations on the felony complaint for the reduction and that the notations thereon are too cryptic and ambiguous to be given effect. He also urges that it was incumbent upon the court to dismiss the felony complaint from which the accusatory instrument containing the reduced charge was derived. He additionally avers that the court had to arraign him upon the new ac *17 cusatory instrument and inform him of his arraignment rights, but failed to do so.
Defendant may not be heard to complain that the court failed to
“make inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should ... be reduced from one for a felony to one for a non-felony offense” (CPL 180.50 [1]).
Even if it is assumed that the court’s inquiry of defendant in reference to the reduction of the charge from a felony to a misdemeanor pursuant to CPL 180.50 (1) was insufficient, defendant, by his guilty plea, forfeited any claim in this regard (People v Hunter, 5 NY3d 750, 751 [2005]; People v Meyers, 22 Misc 3d 138[A], 2009 NY Slip Op 50352[U] [App Term, 9th & 10th Jud Dists 2009]).
With respect to defendant’s assertion that the notations on the felony complaint reducing the matter to a misdemeanor should have been made by the court, rather than by the prosecutor in the court’s presence, we observe that the statute itself indicates that the court “may order” the reduction (CPL 180.50 [2] [a], [b]; compare CPL 180.50 [3] [a] [iii]), which the District Court did here, after reviewing the file, by granting the prosecutor’s unopposed motion to reduce the charge. In any event, even if there was a technical deviation from the procedure set forth in CPL 180.50, we are of the view that it did not rise to the level of a “mode of proceedings” error presenting a question of law despite the absence of a timely objection (see generally People v Agramonte, 87 NY2d 765, 770 [1996]; cf. People v Yolles, NYLJ, Sept. 25, 1997, at 30 [App Term, 9th & 10th Jud Dists], affd 92 NY2d 960 [1998]). Hence, defendant has failed to preserve this claim; moreover, in our view, he has forfeited it by his guilty plea (see generally People v Hunter, 5 NY3d 750, 751 [2005]; cf. People v Yolles, 92 NY2d 960 [1998]). We also note that in the instant case, the prosecutor acted in synchronization with the court, and with the consent of both defendant and his counsel, in reducing the charge rather than acting “independently” (People v Yolles, NYLJ, Sept. 25, 1997, at 30, affd 92 NY2d 960 [1998]). Furthermore, the annotated misdemeanor complaint is neither defectively cryptic nor ambiguous.
*18 With reference to defendant’s contention that the court should have arraigned him upon the filing of the new accusatory instrument and informed him of his rights in the manner provided in CPL 170.10 (see CPL 180.50 [3] [d]), this claim of procedural error was forfeited by his guilty plea (see People v Kaleda, 21 Misc 3d 126[A], 2008 NY Slip Op 51894[U] [App Term, 2d & 11th Jud Dists 2008]). With respect to defendant’s right to be prosecuted by information, defendant effectively received the benefit of this right (see People v Kalin, 12 NY3d 225 [2009]; cf. People v Weinberg, 34 NY2d 429 [1974]), because the factual allegations of the misdemeanor complaint satisfied the requirements for an information as to the sufficiency of pleading each element of the charged crime (see CPL 100.40 [1]; Penal Law § 155.00 [4]; §§ 155.05, 155.25). Finally, dismissal of the felony complaint was not required, as the complaint was replaced by the information to which it was converted.
Accordingly, the judgment of conviction is affirmed.
The decision and order of this court entered herein on June 2, 2009 are hereby recalled and vacated (see motion decided simultaneously herewith [2009 NY Slip Op 76881(11)]).
Rudolph, EJ., and Molía, J., concur; Scheinkman, J., taking no part.