The People of the State of New York, Respondent,
against
Sunil Bhagat, Appellant.




Bellantoni Law Firm, PLLC (Amy L. Bellantoni of counsel), for appellant.
Westchester County District Attorney (Christine DiSalvo and Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), rendered March 31, 2017. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree, and imposed sentence. The appeal from the judgment of conviction brings up for review a May 13, 2015 oral order of that court which, in effect, purported to allow the reduction of a felony charge to a misdemeanor offense upon the People's filing of a misdemeanor information.




ORDERED that the judgment of conviction is reversed, on the law, the May 13, 2015 oral order which, in effect, purported to allow the reduction of a felony charge to a misdemeanor offense upon the People's filing of a misdemeanor information is vacated, and the matter is remitted to the City Court for further proceedings on the felony complaint.
Defendant initially was charged in a felony complaint with assault in the second degree (Penal Law § 120.05 [12]). Subsequently, the People filed a misdemeanor information charging defendant with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). This led to the following colloquy between the court and defense counsel: 
"[The Court]: All right. Entering a plea of not guilty, counsel?
[Defense Counsel]: I am. Are they reducing the felony complaint?
[The Court]: They just did.
[Defense Counsel]: Oh, okay. So, generally there's an inquiry under People versus Yolles, Your Honor.
[The Court]: I have no idea what you're talking about, counsel. They served and filed a superseding. Are you accepting it?
[Defense Counsel]: My client enters a plea of not guilty . . . . And for the record, we are objecting to the reduction, Your Honor.
[The Court]: Noted."
The case proceeded on the misdemeanor information to a nonjury trial in City Court. Defendant was acquitted of the misdemeanor assault charge and convicted of the harassment violation. On March 31, 2017, defendant was sentenced to a conditional discharge and an order of protection issued.
On appeal, defendant contends that the felony charge was improperly reduced, rendering the misdemeanor information a nullity and his trial unlawful, as the City Court did not have jurisdiction over the still-operative felony complaint. Defendant further contends that the felony complaint has sat unindicted and ignored beyond the six-month time limitation the People have to be ready for trial (see CPL 30.30 [1] [a]), mandating its dismissal. The People agree with defendant that the felony reduction was improper, rendering the felony complaint still active. However, the People argue that, rather than dismiss the felony complaint, this court should reverse the judgment of conviction and remit the matter to the City Court for further proceedings on the felony complaint.
CPL 180.50 provides the mechanism for reducing charges in a felony complaint to offenses other than felonies (see People v Yolles, 92 NY2d 960, 961 [1998]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]). Pertinent to the matter at bar, before a reduction may take place, "[t]he local criminal court . . . must first inquire into whether the facts and evidence provide a basis for charging a nonfelony offense. Only if the court is satisfied, after such an inquiry, that there is reasonable cause to believe that the defendant committed a nonfelony offense may the court order the indicated reduction" (People v Kane, 57 Misc 3d 35, 38 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], citing CPL 180.50 [1] and Yolles, 92 NY2d at 961; see also CPL 180.50 [2]). Here, the City Court did not make the mandatory inquiry set forth in CPL 180.50 (1), even after defense counsel informed the court that such an inquiry is necessary prior to any reduction. Consequently, "[b]y operation of law, . . . the filing of the [misdemeanor] information was of no legal effect, no reduction was accomplished and thus the felony complaint remains pending" (Kane, 57 Misc 3d at 40). 
In view of the foregoing, the proper remedy in this case is to remit the matter to the City Court for further proceedings on the felony complaint (see People v Grune, 164 Misc 2d 1047, 1050 [App Term, 2d Dept, 9th & 10th Jud Dists 1995]).
Accordingly, the judgment of conviction is reversed, the May 13, 2015 oral order which, in effect, purported to allow the reduction of a felony charge to a misdemeanor offense upon the People's filing of a misdemeanor information is vacated, and the matter is remitted to the City Court for further proceedings on the felony complaint.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019