People v Williams (2025 NY Slip Op 50813(U))

[*1]

People v Williams

2025 NY Slip Op 50813(U)

Decided on May 8, 2025

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 8, 2025
Justice Court of the Town of Orchard Park, Erie County

The People of the State of New York,

against
Jaquan A. Williams, Defendant.

Docket No. 24040082

For the People:
Nathan Zobrest, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Vincent Parlato, Esq. 
69 Delaware Avenue, Suite 1103
Buffalo, New York 14202

Michael J. Pastrick, J.

Defendant moves, pursuant to CPL 30.30, for an order dismissing the accusatory instruments on the ground that the People were not ready for trial within six months of the commencement of this criminal action (see CPL 30.30 [1] [a]). For the reasons that follow, the motion is granted. ***
"CPL 30.30 'was enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly' " (People v Brown, 28 NY3d 392, 403 [2016], quoting People v Sinistaj, 67 NY2d 236, 239 [1986]). " 'CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the commencement of a criminal action in which a felony is charged'; and section 30.30 (1) (b) requires that the People be ready within 90 days in misdemeanor cases" (Brown, 28 NY3d at 403; quoting People v Price, 14 NY3d 61, 64 [2010]). 
"The [six-month] statutory period [in which the People must announce readiness where a felony is charged] is calculated by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post[-]readiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Shammah, 229 AD3d 1250, 1250 [4th Dept 2024]; see CPL 30.30 [1] [a]; People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). "Once a defendant [*2]has shown the existence of a delay greater than six months, the People bear the burden of proving that certain periods within that time should be excluded" (id.; see Brown, 28 NY3d at 403; People v Berkowitz, 50 NY2d 333, 349 [1980]). 
Here, defendant met his initial burden on the motion inasmuch as he was charged by, among other things, felony complaint on April 11, 2024 (see CPL 1.20 [17]) and the People did not announce their readiness for trial until February 18, 2025, a period of 223 days. The burden then shifted to the People to "prov[e] that certain periods within that time should be excluded" (Berkowitz, 50 NY2d at 349). In that vein, the People rely upon CPL 30.30 (4) (a), which excludes from the computation of the time in which they must be ready for trial, among other things, "the period during which [pre-trial motions] [we]re under consideration by the court" (CPL 30.30 [4] [a]). The People specifically contend that the period from November 19, 2024 to January 30, 2025 is excludable inasmuch as the court had "reserved decision" relative to "repeated[] . . . oral motions" made by the People "to reduce the pending Felonies pursuant to [CPL] 180.50." 
Contrary to that contention, however, the court's records reflect that it denied those applications, rather than holding them in abeyance and thereby rendering them the subject of continuing consideration (see generally People v Yolles, 92 NY2d 960, 961 [1998]). And, the court further notes, by the time the People successfully moved for the dismissal of the felony charges—on January 30, 2025—, more than 180 days had elapsed from the date of commencement of this action (cf. CPL 30.30 [7] [c]). 
"Inasmuch as the total time chargeable to the People [ultimately] exceed[ed] the six-month period allowed pursuant to CPL 30.30, defendant was denied his right to a speedy trial" (Shammah, 229 AD3d at 1251). Accordingly, the motion seeking to dismiss the accusatory instrument is granted.
Dated: May 8, 2025
Hon. Michael J. Pastrick