OPINION OF THE COURT
Kassoff, P. J.
Defendant was originally charged in a felony complaint with seven counts of grand larceny in the third degree; six counts of criminal possession of stolen property in the second degree; forgery in the second degree; six counts of criminal possession of a forged instrument in the third degree and criminal impersonation in the second degree. Defendant was arraigned on November 9, 1986. On December 9, 1986, there was an attempted reduction of the felony counts pursuant to CPL 180.50. The only notation in the record was in the court docket to the effect that "Reduced 155.25, 165.40, 170.10 (6 counts), 190.25”. Thereafter, there were a number of adjournments for the People to file the necessary supporting depositions. On February 10, 1987 and March 6, 1987 the People filed four supporting depositions. On March 6, the prosecution also filed a statement of readiness. On March 26, 1987, defendant moved to dismiss the accusatory instrument pursuant to CPL 30.30 arguing that the People’s failure to timely convert all of the counts of the accusatory instrument precluded them from filing a statement of readiness. Defendant premised the speedy trial claim upon the assumption that March 9, 1987, a date 90 days after the reduction of the felony complaint, was the statutory speedy trial deadline. In granting the motion, the court below found that a 15-count misdemeanor complaint had been filed on December 9, 1986 and that 9 of the counts had been corroborated within the 90 days required by CPL 30.30 (1) (b). The court below concluded that the prosecution could not declare its readiness for trial on a partially converted accusatory instrument.
A felony complaint may only be converted to a misde *848 meanor accusatory instrument pursuant to CPL 180.50. Insofar as is relevant herein, a felony complaint may be reduced to a misdemeanor instrument by making notations either upon or attached to the felony complaint which make the necessary and appropriate changes in the title of the instrument and in the names of the offenses charged (CPL 180.50 [3] [a] [iii]; [b]). A notation in the court docket is without effect. An attempted reduction of a felony complaint, even though acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending (People ex rel. Leventhal v Warden, 102 AD2d 317; People v Stoneburner, 129 Misc 2d 722; People v Young, 123 Misc 2d 486; see, People v Harper, 37 NY2d 96, 99). It follows that the prosecution’s statutory speedy trial date was May 9, 1987, six months from the commencement of the action on November 9, 1986 and not March 9, 1987 as assumed by the parties and the court below (CPL 30.30 [1] [a]). The motion to dismiss was premature inasmuch as the prosecution’s time within which to announce their readiness for trial had not yet elapsed.
We note that a defect in a count does not necessarily require dismissal of all counts of a multicount accusatory instrument. CPL 170.30 (1) (e) provides that the court may dismiss the accusatory instrument or any count thereof upon the ground that defendant has been denied his right to a speedy trial. The clear import of the statutory language is that the People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts upon which the People could be ready for trial (see, People v Papa, 96 AD2d 601; People v Filim, NYLJ, Aug. 23, 1984, at 12, col 2 [App Term, 2d & 11th Judicial Dists]). Speedy trial computations must, as a matter of course, often involve distinct considerations with respect to individual counts of a single accusatory instrument (People v Lewis, 130 Misc 2d 275; People v Jackson, 125 Misc 2d 870).
Order unanimously reversed, on the law, felony complaint reinstated and matter remanded to the court below for further proceedings.
Pizzuto and Santucci, JJ., concur.