Monteleone, J. P.
(concurring). Although I agree that the accusatory instrument must be reinstated, I write separately from my colleagues to voice my displeasure with the actions taken by the People in this case.
On April 18, 1988, before Judge Gerschwer sitting in Part AP-1, the People announced their intention to reduce the pending felony charges to misdemeanors while retaining the one misdemeanor charge. The record reveals that the Assistant District Attorney read the Penal Law sections under which the defendants were originally charged in the felony complaint together with the corresponding sections under which the prosecution would proceed. Thereafter, the Assistant District Attorney announced the People’s intention to serve and file corroborating affidavits as well as their readiness for trial.
In People v Minor (144 Misc 2d 846, 848, lv denied 74 NY2d 666) this court held that the failure to comply with the *586 procedures set forth in CPL 180.50 (3) (a) (iii) and (3) (b), with respect to reducing felony charges to misdemeanors, causes the reduction to be "invalid and of no legal effect and the felony complaint [to] remain * * * pending”. At bar, the court failed to properly effect the notations on the felony complaint so as to reflect the appropriate reductions. Thus, we have held that the felony complaint remained pending for purposes of determining whether the People announced their readiness for trial within the statutory time constraints of CPL 30.30.
Nevertheless, it is my view that the procedural actions taken by the People warrant a strong rebuke. In announcing their intention to reduce the felony charges, the People in effect have offered a stipulation to the court and defense counsel that they wish to prosecute on the lesser offenses. Upon the court’s acceptance of such reduction, with counsel’s acquiescence, the offer became a binding stipulation placed on the record in open court (cf., CPLR 2104). The People’s contention that they are entitled to the benefit of the six-month time frame applicable to felony charges is, therefore, inconsistent with their agreement spread on the record to prosecute these defendants on the lesser misdemeanor charges. In my opinion, the People should not be permitted to vitiate their agreements.
Accordingly, an in-court reduction from felony to misdemeanor charges should estop the People from seeking the protection of CPL 180.50 (3) (a) (iii) and (3) (b) when a CPL 30.30 motion is made. I am also aware that a stipulation among parties in a civil case is enforceable unless it offends the public policy of this State and that the provisions of a statute may be waived (Mitchell v New York Hosp., 61 NY2d 208).
However, on constraint of People v Minor (supra), the inadequate notations on the complaint in question rendered the proposed reductions a legal nullity. Thus, the felony charges remained pending at the time of the defendants’ motion to dismiss the complaint. Inasmuch as I agree with my colleagues that the time chargeable to the People did not exceed six months, the motion should have been denied.
Pizzuto and Williams, JJ., concur; Monteleone, J. P., concurs in a separate memorandum.