*894
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be affirmed.
 

 Defendant was convicted of criminal mischief in the fourth degree and petit larceny, both class A misdemeanors (Penal Law §§ 145.00, 155.25). On March 13, 1996, the People commenced an action against defendant for criminal mischief in the third degree, a class E felony (Penal Law § 145.05), and petit larceny (Penal Law ,§ 155.25), a class A misdemeanor. Defendant was arraigned on March 29, 1996.
 

 On May 14, 1996, the People stated on the record that they were ready to proceed to trial. The People also moved to reduce the felony charge of criminal mischief in the third degree to the misdemeanor charge of criminal mischief in the fourth degree. The defendant and the court consented to the reduction. Nevertheless, no reduction was accomplished because the court did not conform to the requirements of CPL 180.50. The charge was not properly reduced until October 15, 1996, at which time the People continued to assert their readiness for trial.
 

 Defendant argues that because the felony charge continued until properly reduced on October 15 — more than six months after the action was commenced — the People did not make a timely assertion of their readiness for trial and CPL 30.30 was violated
 
 (see,
 
 CPL 30.30 [5] [c]). Thus, defendant contends that his conviction should be overturned and the action dismissed. We agree with the conclusion of the County Court that six months cannot be charged to the People in view of defendant’s numerous pretrial motions and five changes of attorney (CPL 30.30 [4] [a], [f]). In addition, when the People answered ready on May 14, 1996, their readiness included the misdemeanor charge of petit larceny. That unreduced charge was unaffected by the procedural mechanics of CPL 180.50.
 

 Defendant’s remaining contention is without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.