*248 OPINION OF THE COURT
Per Curiam.
The chronology of events relevant to defendant’s CPL 30.30 motion is summarized as follows. On November 15, 1998 defendant was charged with several misdemeanors and lesser offenses, including criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), assault in the third degree (Penal Law § 120.00 [1]), and criminal impersonation in the second degree (Penal Law § 190.25 [3]), upon allegations that she struck the complainant with a metal “club” and then falsely represented herself to be a police officer. At defendant’s arraignment on November 16, 1998, the People filed a supporting deposition and stated their readiness, to the apparent satisfaction of both defense counsel and the court. The matter was adjourned to December 17, 1998, with defense counsel participating in and proposing the choice of date. On the December 17 adjourn date, after the People again announced their readiness, defense counsel argued, for the first time, that the accusatory instrument contained hearsay and required a further “corroborating affidavit” with respect to the criminal impersonation charge, since “no grounds [were provided] for the assertion * * * that the defendant is not employed by the New York City Police Department as a * * * police officer.” In response, the prosecution maintained that the accusatory instrument constituted a valid information with respect to the criminal impersonation charge because the arresting police officer had “firsthand knowledge” that the defendant “was not a fellow police officer.” The Calendar Judge agreed with defendant’s argument and, upon ascertaining that the People would need “one week,” adjourned the case to February 3, 1999 to allow the People to file a “superceding information” on the criminal impersonation charge. The matter was adjourned from February 3, 1999 to February 26, 1999, after the People requested an additional “one week” period to file the superceding information previously required by the court. The People moved to dismiss the criminal impersonation charge on the February 26 adjourn date, and defendant’s speedy trial motion ensued. Criminal Court granted the motion upon its determination that the entire 102-day period between arraignment and dismissal of the criminal impersonation charge was chargeable to the People, a determination apparently premised on the court’s *249 holding that the November 16, 1998 record readiness statement by the People was a “nullity” because there was then no “valid accusatory instrument.” On the People’s appeal, we reverse and deny defendant’s speedy trial motion.
We note as a threshold matter that defendant’s hearsay challenge to the criminal impersonation count of the information should have been raised by way of a formal motion to dismiss that count (see, CPL 170.35; People v Casey, 95 NY2d 354, 361), a procedure which, of course, would have triggered the motion practice exclusion of CPL 30.30 (4) (a). Even accepting the defendant’s informally advanced claim that the criminal impersonation charge was insufficiently pleaded (compare, Matter of Rodney J., 83 NY2d 503, 507-508, with Matter of Edward B., 80 NY2d 458, 462-464; see, People v Casey, supra, 95 NY2d, at 361-362), we reject defendant’s CPL 30.30 argument as contrary to settled speedy trial principles. First, neither the terms of CPL 30.30 nor its interpretative case law imposes any requirement upon the prosecution to obtain an accusatory instrument sufficient for trial before claiming the exclusion of delays occasioned by adjournments requested or consented to by the defendant (see, CPL 30.30 [4] [a], [b]; People v Worley, 66 NY2d 523, 525). The record demonstrates that the 31-day adjournment period from November 16, 1998 to December 17, 1998 should have been excluded as an adjournment on consent, in which defense counsel actively participated in setting the adjourned date (see, People v Smith, 82 NY2d 676, 678; People v Acosta, 249 AD2d 161, lv denied 92 NY2d 892).
Further, even apart from the issue of consent, the adjournment period was excludable since the People’s November 16 record statement of readiness to proceed to trial was effective to stop the “speedy trial” clock and was not, contrary to defendant’s claim, a “nullity.” The counts of the accusatory instrument pertaining to the weapon possession and related charges now pending were “deemed” converted to an information on November 16 (see, CPL 170.65 [1]), and no basis is shown to conclude that the People were not then actually ready to proceed on those charges (see, People v Kendzia, 64 NY2d 331, 337; People v Carter, 91 NY2d 795, 798). Any perceived pleading defect relating to the subsequently dismissed criminal impersonation charge did not serve to vitiate the People’s otherwise valid readiness statement relating to the properly pleaded weapon possession and satellite charges that undisputedly rested entirely on nonhearsay allegations (see, People v *250 Dion, 93 NY2d 893; People v Minor, 144 Misc 2d 846, 848, lv denied 74 NY2d 666; People v Hansen, NYLJ, Aug. 3, 1999, at 22, col 1 [App Term, 1st Dept]; see also, People v Ortiz, 209 AD2d 332, 334, lv denied 86 NY2d 739; People v Chavys, 129 AD2d 723; People v Papa, 96 AD2d 601; People v Gonzalez, 168 Misc 2d 136, lv denied 88 NY2d 936). Put differently, the jurisdictional challenge to the criminal impersonation count subsequently advanced by defendant and summarily adopted by the motion court did not alter the adjournment already granted, or responsibility for the delay necessitated thereby.
We do not share the concerns expressed in the. concurring opinion over what it characterizes as the prosecution’s “piecemeal” approach to answering ready on a “hybrid” or “partially converted” information. These concerns appear to stem from the concurrer’s view that a defect in one count of a multicount accusatory instrument renders the entire instrument jurisdictionally infirm. Such an all or nothing approach is incompatible with the settled rule, “applicable to many phases of the criminal law” (People v Gulston, 181 Misc 2d 644, 648), that each count of an accusatory instrument “is deemed as a matter of law to be a separate and distinct accusatory instrument” (People ex rel. Ortiz v Commissioner of N. Y. City Dept. of Correction, 253 AD2d 688, 689, affd 93 NY2d 959; see, Selvester v United States, 170 US 262, 267; People v Sciascia, 268 App Div 14, 15, affd 294 NY 927; People v Delorio, 33 AD2d 350, 353). The common practice of giving individual speedy trial treatment to discrete counts of an information is consistent with this general principle, is expressly authorized by statute (see, CPL 170.30 [1] [e] [court may dismiss information “or any count thereof’ on speedy trial grounds]), and is recognized approvingly in our speedy trial jurisprudence.
Instructive on this point is People v Dion (93 NY2d 893, supra). The criminal action therein commenced on March 13, 1996, upon charges of third degree criminal mischief, a class E felony (Penal Law § 145.05) and petit larceny, a class A misdemeanor (Penal Law § 155.25). The prosecution in Dion announced its readiness on the record on May 14, 1996, and contemporaneously moved to reduce the felony charge of third degree criminal mischief to the class A misdemeanor charge of fourth degree criminal mischief (Penal Law § 145.00). No such reduction was accomplished at that time, however, because of the trial court’s failure to conform to the requirements of CPL 180.50. The originally pleaded felony charge in Dion was not properly reduced until October 15, 1996, more than six months *251 after commencement of the action. The defendant in Dion sought dismissal under CPL 30.30 on much the same basis as does the defendant in the case now before us — that the People did not (and could not) make a timely assertion of their readiness for trial in view of the pendency of the tainted third degree criminal mischief (here, second degree criminal impersonation) charge. The Court of Appeals flatly rejected defendant’s CPL 30.30 claim, with language strongly supporting, if not expressly recognizing, the “severability” concept here at issue: “[W]hen the People answered ready on May 14, 1996, their readiness included the misdemeanor charge of petit larceny. That unreduced charge was unaffected by the procedural mechanics of CPL 180.50.” (People v Dion, supra, 93 NY2d, at 894.) Similarly, in the matter now before us, the People’s November 16, 1998 readiness statement included the weapon possession and related charges now pending, charges which were “unaffected” by the court’s narrow jurisdictional ruling targeted only to the ultimately abandoned criminal impersonation charge.
A similar analysis applies to and requires the exclusion of the 48-day adjournment from December 17, 1998 to February 3, 1999. When the People answered ready on December 17, 1998, their readiness encompassed the weapon possession and related charges still extant, charges which were “unaffected” by any perceived pleading problems relating solely to the subsequently dismissed criminal impersonation charge (People v Dion, supra, 93 NY2d, at 894). Absent proof that the December 17 readiness statement did not accurately reflect the People’s position, the People discharged their duty under CPL 30.30.
Finally, the People are chargeable at most with the first seven days of each of the contiguous postreadiness adjournments from December 17, 1998 to February 3, 1999, and from February 3, 1999 to February 26, 1999. Delays due to the unavailability of the court resulting in adjournments for more than the time period actually requested by the People are excludable in postreadiness cases (see, People v Rivera, 223 AD2d 476, lv denied 88 NY2d 852; People v Dushain, 247 AD2d 234, 236, lv denied 91 NY2d 1007). The contrary view expressed by the Calendar Judges who granted the adjournments is not binding upon us (see, People v Berkowitz, 50 NY2d 333, 349).
With the exclusion of the above-mentioned time periods, the People were well within the applicable 90-day statutory limit (CPL 30.30 [1] [b]).