OPINION OF THE COURT
Wayne Saitta, J.
The defendant, Edward Peluso, is charged with violation of Penal Law § 120.15, menacing in the third degree, and § 215.50 (3), criminal contempt in the second degree. The defendant moved to dismiss the accusatory instrument on grounds of violation of defendant’s right to a speedy trial pursuant to Criminal Procedure Law § 30.30.
Facts
The defendant was arraigned September 8, 2001 and thereafter the case was adjourned to October 1, 2001 for conversion. On October 1, 2001, the People did not serve or file a corroborating affidavit from the complainant or proof of service of an order of protection against the defendant. Thus, they were unable to convert the accusatory instrument into an information and answered not ready for trial. The matter was adjourned until October 29, 2001.
On October 19, 2001, off calendar, the People filed and served, together with the corroborating affidavit of the complainant, Theresa Peluso, and a copy of an ex parte order of protection dated September 19, 2001. The corroborating affidavit effectively converted the menacing count; however, the criminal contempt charge remained unconverted because the complaint charged the defendant with violating the order of protection dated July 26, 2001.
On October 29, 2001, the People conceded that they had served and filed the incorrect order of protection. The People *35 requested an adjournment for conversion and the matter was adjourned to November 27, 2001. At this juncture, the People were properly charged with 80 days for the time elapsed between September 9, 2001 (the day after the arraignment) and November 27, 2001 (the return date).
During the November 27, 2001 calendar call, the People did not have their file. The People were unable to answer ready for trial and did not convert or move to dismiss the contempt charge. The court adjourned the matter to December 17, 2001 and marked the adjournment as final against the People for CPL 30.30 purposes.
On December 3, 2001, off calendar, the People filed and served a “Statement of Partial Readiness for Trial” on the menacing count only. However, the People did not move to dismiss the criminal contempt charge, leaving a partially converted instrument before the court. It is uncontested that at this juncture the People were properly charged with at least six days additional for a total of 86 chargeable days.
On December 17, 2001, the defendant appeared by counsel. Defense counsel made an oral motion to dismiss the action pursuant to CPL 30.30. The People objected contending they were partially ready on the menacing count, and stated that they did not intend to dismiss the unconverted contempt charge. The court denied the defense counsel’s oral motion with leave to renew the matter in writing. The matter was adjourned to February 13, 2002 for defendant’s CPL 30.30 motion. At issue is whether the People were properly charged with an additional 14 days for the time elapsed between December 3, 2001 and December 17, 2001.
On February 13, 2002, the People finally moved to dismiss the unconverted criminal contempt charge and the matter was adjourned to April 8, 2002 pending the court’s decision on defendant’s CPL 30.30 motion.
The defendant moved to dismiss this action on the ground that the defendant was denied the right to a speedy trial pursuant to CPL 30.30. Defense counsel contends that the People should be charged for a total of 100 days since the People failed to either convert or dismiss the criminal contempt in the second degree charge within the speedy trial period applicable to the case. The defense argues that the People’s statement for partial readiness dated December 3, 2001 was illusory because they were not ready for trial since the accusatory instrument contained an unconverted count and, thus, was jurisdictionally defective for trial purposes.
*36 The People contend that they converted all the charges in the complaint into an information on October 19, 2001. They submit that filing Theresa Peluso’s supporting deposition was sufficient to convert the accusatory instrument because the allegations in the complaint relating to defendant’s knowledge of the order of protection were based on the deponent, Detective Cutrone’s, personal knowledge. As such, there were no hearsay issues outstanding and the People were not required to file and serve a certified copy of the order of protection. In the alternative, the People argue that even if they were not ready on the contempt charge the People’s “Statement of Partial Readiness for Trial” stopped the clock as to the menacing charge.
The issues are: (1) whether the People successfully converted the criminal contempt charge on October 19, 2001 without serving the order of protection, and (2) whether the People can announce partially ready for trial for the purposes of CPL 30.30 (1) (b) on a partially converted accusatory instrument without first curing the jurisdictional defects in the accusatory instrument by converting, dismissing or severing the unconverted charges. This court finds that the answer is no as to both issues.
Analysis
A. The People Failed to Properly Convert the Charge of Criminal Contempt
In a misdemeanor prosecution, the defendant has the statutory right to be prosecuted by a misdemeanor information absent a waiver by defendant. (People v Viken, 161 Misc 2d 217, 218 [1994].) A sufficient information, by definition, contains only nonhearsay allegations setting forth each element of the crimes charged. (CPL 100.40 [1] [c].) Here, the defendant was charged with a multicount accusatory instrument charging menacing and criminal contempt. It is uncontested that the People properly converted the menacing charge with the off-calendar filing and serving of Theresa Peluso’s corroborating affidavit on October 19, 2001; however, the criminal contempt charge remained outstanding.
Generally, for an accusatory instrument charging criminal contempt in the second degree to constitute a sufficient information it must contain: (1) nonhearsay sworn factual allegations establishing, if true, that the defendant intentionally disobeyed the law mandate of the court, (2) a certified copy of the order in question, (3) proof of defendant’s awareness of the order at the time that it was allegedly violated, and (4) factual *37 allegations as to the manner it was disobeyed. (People v Bendter, 184 Misc 2d 374 [2000].) In People v Casey the Court of Appeals held that though it is better practice to file a certified copy of the order of protection, the issue of whether a copy of the order of protection is required depends on the facts of the case. (95 NY2d 354 [2000].)
In Casey, the defendant was charged with criminal contempt for violating an order of protection and the People never filed the certified copy of the order of protection. On appeal, the defense counsel argued that without the order of protection, the information was jurisdictionally defective under CPL 100.40 (1) (c) because the People failed to assert nonhearsay statements alleging that: (1) the order of protection was outstanding and in effect, and (2) the defendant had knowledge of the order. The Court stated that the accusatory instrument charging criminal contempt should: (1) give the defendant sufficient notice to prepare a defense, (2) be adequately detailed to prevent the defendant from being tried twice for the same offense, and (3) demonstrate firsthand knowledge that the order was granted, was in effect and was violated by the defendant. (Casey, supra at 357.)
The People rely on Casey to support their contention that the criminal contempt charge was converted on October 19, 2001. However, this court finds that the facts in Casey are clearly distinguishable from the instant case. In Casey, the record reflected that the complainant showed a certified copy of the order containing defendant’s signature and acknowledgment of receipt of service to the detective. The defendant also admitted to the detective in their initial telephone conversation that he was served with the order. The Court found that the defendant’s admission coupled with the detective’s firsthand knowledge of the order and receipt of service thereof sufficiently demonstrated the defendant was aware of an effective order of protection.
Here, it has not been demonstrated that the defendant was aware of the order of protection. In the accusatory instrument the deponent, Detective Cutrone, affirms under the penalties of perjury that the defendant had knowledge of the order of protection because the order bears the defendant’s signature and is endorsed “defendant present in court” and “defendant advised in court of issuance of order.” Unlike Casey, there are no facts alleged as to Detective Cutrone’s basis of knowledge of the existence of the order of protection, or that such order is endorsed in the manner that he alleges. Also, there is no indica *38 tion in the record that the complainant showed the detective a certified copy of the order, that the detective looked in the police computer files to ascertain that an order was indeed in effect, or that the detective ever read the order.
More significantly, a review of the copy of the temporary order of protection, submitted by the People in opposition of this motion, reveals that the defendant did not sign the order of protection as Detective Cutrone affirmed. Though the order does indicate that the defendant was present in court, this court was unable to determine from the copy whether the defendant was advised in court that the order was issued, or of such order’s terms. This undermines not only the veracity of Detective Cutrone’s statements, but also the People’s contention that the statements made in the accusatory instrument were based on the detective’s personal knowledge. As such, this court finds that the allegations contained in the accusatory instrument as to the defendant’s knowledge were not only hearsay, but are also, in part, false. Therefore, the accusatory instrument and the complainant’s supporting deposition, without more, are insufficient to convert the criminal contempt charge.
B. The People May Not Be Ready For Trial on a Partially Converted Accusatory Instrument
The People contend that they should be allowed to proceed for trial on the converted menacing count, even though the criminal contempt charge remained outstanding. The court disagrees. The Appellate Term decision in People v Minor is often cited for the proposition that the People can declare partially ready for trial. (144 Misc 2d 846 [1989].) This part of the decision was in fact dicta, as the court in Minor had already found that speedy trial time had elapsed on none of the charges. Further, the court’s reasoning was that since CPL 170.30 allows a court to dismiss an accusatory instrument or any count thereof, “the People’s failure to timely proceed on one count * * * does not necessarily adhere to the remaining counts upon which the People could be ready for trial.” (Minor, supra at 848.)
However, the reasoning in Minor puts the cart before the horse. CPL 170.30 provides the authority for the court to dismiss an instrument or a count in an instrument for a variety of grounds, in addition to failing to be ready for trial within section 30.30 time. Some of the other grounds set forth in CPL 170.30, such as 170.30 (1) (a), facial insufficiency, 170.30 (1) (b), receipt of immunity, or 170.30 (1) (g), in the interest of *39 justice, are situations where one of the counts of an instrument could be defective while the others are valid. Each of those paragraphs assumes that the underlying basis to dismiss a count has been established.
The language “or a count thereof’ used in CPL 170.30 “does not evince a legislative intent to recognize partial corroboration of the complaint for purposes of speedy trial, but rather recognizes the multicount instrument and serves to accommodate the requirements of CPL 100.40 (1) by allowing for the removal of defective counts without the ceremonial task of refiling the entire instrument.” (People v Brooks, 190 Misc 2d 247, 254 [App Term, 1st Dept, Suarez, J., concurring].)
There would have to be a basis for partial readiness within the framework of CPL 30.30 before the partial dismissal provision of CPL 170.30 (1) (e) would be applicable to speedy trial analysis.
However, partial readiness goes against the logic of CPL 30.30. The statute sets the time by which the People must answer ready for trial and treats all counts in an action as a single entity.
It is well established that for the purposes of prosecutorial readiness all counts in an action are governed by the time limit of the highest count, regardless of the time limit that a count would carry if it was brought independently. (See, People v Muniz, 129 Misc 2d 456 [1985]; CPL 30.30 [1] [a]-[d].) Even where the top count is dismissed the remaining counts are still governed by the limit of the dismissed count. (People v Sommersell, 166 Misc 2d 774 [1995].)
The statutory scheme of CPL 30.30 provides that all the counts of an accusatory instrument be allotted the same time for the People to be ready for trial, regardless of what limit would govern each charge separately. It would be contrary to the scheme of section 30.30 to allow the People to announce ready for trial on different counts on different dates. Thus, reading the CPL 170.30 (1) (e) language to allow partial readiness for trial would be contrary to the legislative intent in providing all counts to be governed by the section 30.30 time limit of the top count.
While it is true that speedy trial computations often involve distinct considerations with respect to individual counts of a single instrument (see, Minor, supra at 848), the fact that different counts may be converted at different times and by different documents does not negate the requirement that the People *40 must be ready on all counts of an instrument before they can actually be ready for trial.
A defendant has a right to be tried on an information and until the People convert the instrument into an information the court has no jurisdiction to try a partially converted instrument. Therefore, to have an accusatory instrument that is jurisdictionally sufficient for trial purposes all defects must be cured. (People v Davino, 173 Misc 2d 410, 413 [1997].)
There is no procedural basis for trying a defendant on only the converted counts of a partially converted instrument and then proceeding separately on the unconverted counts of the instrument at a later time. This amounts to an informal and revocable severance, a procedure not provided for in the CPL.
Further, the CPL does not define “the hybrid, partially converted accusatory instrument.” (Brooks, supra at 254.) It is a creation of the People allowed to answer ready on the converted counts of an instrument containing still unconverted counts. (See, id.) Moreover, the CPL nowhere provides for a “Statement of Partial Readiness for Trial.”
In instances, as herein, where a multicount accusatory instrument remains defective because it is partially converted, the Criminal Procedure Law provides three options. Defects may be cured by either dismissing the unconverted count, by obtaining the documents or information necessary to convert it into a facially sufficient information (see, Davino, supra at 413), or by severing the converted counts from the unconverted counts. None of these options place an undue burden on the People.
Given the statutory strictures of what constitutes a valid information, requiring the removal of defective counts prior to the instrument being deemed an information is a small price to pay for upholding the logic of the statutory framework. (Brooks, supra at 255.)
On December 17th, the People explicitly refused to adhere to the procedure set forth in the Criminal Procedure Law by refusing to dismiss or severe the contempt count, having failed to convert it.
An assertion of readiness must be a genuine representation of present readiness. (People v England, 84 NY2d 1, 4 [1985].) Since the People may not proceed on a jurisdictionally defective accusatory instrument and CPL 30.30 requires that they be actually and presently ready to proceed, the People cannot be “ready for trial” for speedy trial purposes until all counts of *41 an accusatory instrument have been converted, dismissed or severed. As such, the People’s December 3rd “Statement of Partial Readiness” was illusory. (See, People v Kendzia, 64 NY2d 331, 337 [1985]; People v Smith, 82 NY2d 676 [1993].)
C. The People Exceeded the Section 30.30 Time Limit
CPL 30.30 (1) (b) states that the People are obligated to answer ready for trial within 90 days of commencement of the action. Under the statute, if the People are not ready within the limits provided, the defendant’s motion to dismiss must be granted. (Kendzia, supra at 337; CPL 30.30 [1].) Furthermore, an invalid statement of readiness for trial is not retroactively rendered effectual by a subsequent untimely curing of a defect. (Davino, supra at 414.)
Here, the defendant is charged with Penal Law §§ 120.15 and 215.50 (3) which are class A misdemeanors; thus, they were required to be ready within 90 days. All of the adjournments were without the defense counsel’s consent and were necessitated by the People’s failure to have converted the contempt charge.
As in the case at bar, where the defense does not request an adjournment as to the converted count of a partially converted instrument, there is no basis to exclude the adjournment even as to the converted count. The adjournments were caused not by any act of the defendant, nor for the defendant’s benefit, but because the People were not ready on the remaining count. While the People contend that the matter can be sent out for trial of the converted counts only, this in fact cannot be done, unless the People dismiss or sever the unconverted counts. However, there is no basis to allow misdemeanor cases to be tried in such a piecemeal fashion. A defendant cannot be put in a position of having to choose between either his speedy trial rights or his right to be tried on an information, because of the People’s nonreadiness.
Finally, the People’s subsequent dismissal of the criminal contempt charge on February 13, 2002 does not make the December 3, 2001 statement of readiness (on the 86th day) effective. The People were properly chargeable until December 17th when the defendant sought an adjournment to make this motion. Because there are 100 days chargeable to the People, the case must be dismissed on CPL 30.30 grounds.
Wherefore, it is the decision of this court that this matter merits dismissal on the ground of violation of speedy trial requirements because the People failed to convert the accusa *42 tory instrument into an information within the 90 days prescribed by CPL 30.30 (1) (b). The defendant’s motion to dismiss on the ground of speedy trial is granted.