OPINION OF THE COURT
Michael Gerstein, J.
*166 Defendant was originally charged by complaint dated November 4, 2006 with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor; menacing in the third degree (Penal Law § 120.15), a class B misdemeanor; criminal mischief in the fourth degree (Penal Law § 145.00 [1]), a class A misdemeanor; resisting arrest (Penal Law § 205.30), a class A misdemeanor; unlawful possession of marijuana (Penal Law § 221.05), a violation; and harassment in the second degree (Penal Law § 240.26 [1]), a violation.
The complaint alleges that the defendant punched the complaining witness several times and also damaged the complaining witness’ car and cell phone. The complaint further alleges that the defendant resisted arrest by going limp and kicking at the arresting officer, and that the defendant had a quantity of marijuana in his pocket.
The People concede that speedy trial time has elapsed as to the counts of assault in the third degree, harassment in the second degree and menacing in the third degree. The defendant argues that the People cannot be ready to proceed to trial on only part of a complaint. The issue in this case is whether the People can be ready for trial on some of the counts in a complaint, but not on others, under the method generally referred to as partial conversion.
I. Timeline and Speedy Trial Calculation
A. The Applicable Time Period is 90 Days from the Commencement of the Action
CPL 30.30 (1) (b) provides that the People must be ready for trial within 90 days from the commencement of the action where a defendant is charged with one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which are felonies.
B. Accepting Partial Readiness, the People are Chargeable with 38 Days at Most; Not Accepting Partial Readiness, the People are Chargeable with 103 Days
CPL 30.30 speedy trial time is counted from the day after the case is commenced, not the day after arraignment. (People v Stiles, 70 NY2d 765 [1987].) This case was commenced with the filing of the accusatory instrument on November 4, 2006, and speedy trial time is therefore counted beginning on November 5, 2006.
On November 16, 2006, the People served and filed a statement of readiness, along with the following: (1) a supporting af *167 fidavit from the complaining witness alleging damage to his car and cell phone, but not supporting the charges of assault, menacing, or harassment; and (2) an affidavit from Police Officer Michael Jacobs supporting the counts of unlawful possession of marijuana and resisting arrest. Assuming partial readiness, the People were then ready as to the counts of criminal mischief in the fourth degree (Penal Law § 145.00) and resisting arrest (Penal Law § 205.30). Speedy trial time was tolled as to those counts, so that the People are chargeable for 11 days as to the converted counts (Penal Law §§ 145.00, 205.30) (Nov. 5, 2006-Nov. 16, 2006).
On December 13, 2006, the day of the next adjournment, the People served and filed a lab report and were deemed ready as to the count of unlawful possession of marijuana (Penal Law § 221.05). As to this count, still assuming partial conversion, the People are chargeable with 38 days (Nov. 5, 2006-Dec. 13, 2006).
On February 15, 2007, the People conceded that defendant’s speedy trial time had elapsed as to the remaining unconverted counts, and defendant made this motion pursuant to CPL 30.30. The time elapsed between the date when defense counsel filed and served the instant motion and the date the motion was decided is excluded. (People v Worley, 66 NY2d 523 [1985] [adjournment caused by pending motion is excludable].)
If this court accepts the People’s partial readiness, the People are chargeable with 38 days at most, not counting the counts the People concede have lapsed. Conversely, if this court declines to accept partial conversion, the People are chargeable with the entire time between arraignment and the defendant’s motion, thus 103 days.
II. This Court Accepts Partial Conversion, and the People are Therefore within Their CPL 30.30 Time as to the Charges of Criminal Mischief (Penal Law § 145.00), Resisting Arrest (Penal Law § 205.30) and Possession of Marijuana (Penal Law § 221,05)
A. The Parties’ Arguments
Defendant argues that this court should not accept partial readiness. Defendant’s counsel first cites the elements of effective readiness, arguing that readiness means more than a statement in court, and that it requires genuine readiness for trial on a valid accusatory instrument. In support of this, defendant *168 cites People v Kendzia (64 NY2d 331 [1985]), People v Caussade (162 AD2d 4 [2d Dept 1990]), and People v Lomax (50 NY2d 351 [1980]), among others, to assert that readiness requires a fully converted and facially sufficient information. If the accusatory instrument contains hearsay allegations, the defendant argues, the People cannot state readiness, because absent either a waiver of defendant’s right to trial by information or severance of the unconverted counts, the People cannot proceed to trial.
Further, the defendant argues, even if the People could go to trial on an instrument that was not fully converted, doing so would operate as an unofficial severing of the charges, which is not supported by law. Moreover, the defendant argues that partial readiness allows the People to announce ready before being in possession of a fully converted complaint based on the notion that they could proceed to trial on the converted counts, a notion that is undermined by the People’s practice, in this case and others, to ask for more time so they may convert all the charges.
Second, the defendant argues that there are alternatives to partial conversion, permitted by law, which the People could have used prior to the expiration of their speedy trial time: in this case, either dismissing the unconverted counts, severing the unconverted counts, or converting the remaining charges.[1] Third, the defendant cites the cases that have declined to allow partial conversion: People v Peluso (192 Misc 2d 33 [Crim Ct, Kings County 2002] [the People cannot announce ready on a partially converted instrument]); People v Quiles (179 Misc 2d 59 [Crim Ct, NY County 1998] [People must dismiss or sever uncorroborated counts before the expiration of speedy trial time]); and People v Davino (173 Misc 2d 410 [Crim Ct, Kings County 1997] [the People may partially convert a complaint but may not validly announce ready on such a “hybrid” instrument]). Finally, the defendant argues that the cases that have allowed partial conversion both contravene the rules of statutory construction and rely on dicta from previous cases.
The People advance four arguments in favor of partial conversion. They argue first that under People v Kendzia (supra) readiness under CPL 30.30 encompasses merely a communication of readiness and actual readiness to proceed to trial, rather than *169 readiness on the entirety of a complaint. Second, they argue that the case law supports partial readiness. They cite People v Hussein (177 Misc 2d 139 [Crim Ct, Kings County 1998] [holding that each count is evaluated separately for speedy trial time]) as well as People v Minor (144 Misc 2d 846 [App Term, 2d Dept 1989]) and People v Clinton (152 Misc 2d 555 [Crim Ct, Kings County 1991]), cases permitting partial readiness. Third, the People cite to two other sections of the Criminal Procedure Law that invite the court to consider each count of an accusatory instrument separately: CPL 170.30 (1) (e), which allows a court to dismiss an accusatory instrument “or any count thereof’ if the defendant has been denied the right to speedy trial; and CPL 100.40, which provides guidelines for determining sufficiency of a complaint, “or a count thereof.” Finally, the People argue, as a matter of policy, that forcing the prosecution to drop expiring counts in order to preserve readiness on an otherwise sound complaint will eventually encourage the People to file multiple complaints for each criminal incident, as was noted in People v Clinton (supra).
For the reasons below, we are persuaded by the weight of authority, the language of the statute, and policy considerations to accept partial conversion.
B. Origin and Purpose of CPL 30.30 as a Prosecutorial Readiness Statute
Our analysis of the speedy trial statute begins with a discussion of the rights that section exists to protect. CPL 30.30 is not a guardian of speedy trial rights or due process rights as these are enshrined in the Federal and State Constitutions. (People v Anderson, 66 NY2d 529, 535 [1985]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, CPL 30.30; 3-26 New York Criminal Practice § 26.04 [1]'[Matthew Bender & Co.].) These rights are guaranteed elsewhere. (See US Const Amend VI; CPL 30.20.) Nor is it a guarantee of the defendant’s right to be tried on a facially sufficient information. This is also guaranteed elsewhere. (See, e.g. CPL 100.40, 170.30.)
Rather, CPL 30.30 is merely a readiness rule serving the purpose of requiring prompt prosecutorial readiness for trial. It specifies the general time permitted to the People to prepare for trial, the maximum period of detention, and exceptions to these rules. (People v Sinistaj, 67 NY2d 236, 239 [1986] [CPL 30.30 is a readiness rule, “enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly”].) This is why, under the stat *170 ute, the People are merely required to announce readiness for trial, even if their readiness does not necessarily ensure that trial will be expeditious.
As defendant correctly argues, readiness under CPL 30.30 requires both a statement of readiness and actual readiness to proceed to trial. (Kendzia, supra.) Actual readiness means that there is no longer any legal impediment to proceed to trial. (People v England, 84 NY2d 1 [1994].) The question, however, is whether readiness under Kendzia and its progeny means there is no impediment to trying the defendant for the criminal incident alleged, or whether it means the People are in possession of a fully converted instrument that is facially sufficient in its entirety.
C. Appellate Precedent Supports Partial Conversion
The appellate cases often cited in support of partial conversion are People v Minor (144 Misc 2d 846 [App Term, 2d Dept 1989], lv denied 74 NY2d 666 [1989]) and People v Brooks (190 Misc 2d 247 [App Term, 1st Dept 2001]).
In People v Minor (supra), the People neglected to file supporting depositions in 9 of 15 misdemeanor counts within their speedy trial time. The court denied dismissal of the complaint, stating that “[t]he clear import of the [CPL 30.30] statutory language is that the People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts upon which the People could be ready for trial.” (Minor, 144 Misc 2d at 848.)
However, that statement is clearly dictum. The holding in that case turned on the Minor court’s finding that the correct speedy trial date was several months later than that assumed by both parties. The court then held that defendant Minor’s CPL 30.30 motion was premature, inasmuch as the People’s time within which to announce their readiness for trial had not yet elapsed. (Id.) Therefore, while Minor may be persuasive, we are not bound by it. In Brooks (supra), the People failed to file sufficient supporting depositions to convert every count on the complaint, and the defendant waited until the purported expiration of the speedy trial period to make an oral argument that the People’s readiness had been illusory all along. The court found that the defendant should have made his motion in writing, but further cited People v Minor, stating, “The counts of the accusatory instrument pertaining to the [other charges] were ‘deemed’ converted to an information . . . , and no basis is *171 shown to conclude that the People were not then actually ready to proceed on those charges.” (Brooks, 190 Misc 2d at 249.)[2]
Brooks rests its acceptance of partial conversion on People v Dion (93 NY2d 893 [1999]). However, Dion appears to be a slim reed for the holding. In Dion, the People had declared readiness at the time they moved to reduce felony counts to misdemeanors, but the purported reduction was not then accomplished because the trial court had not complied with the requirements of CPL 180.50 and had not made the necessary notations on the complaint. The felony charges were not properly reduced until five months thereafter. Notwithstanding the People’s failed initial attempt at reduction, the Court of Appeals held that on the date they attempted to reduce and simultaneously announced ready, “their readiness included the misdemeanor charge of petty larceny. That unreduced charge was unaffected by the procedural mechanics of CPL 180.50.” (People v Dion, 93 NY2d at 894.) No further discussion or analysis of the partial conversion issue is contained in Dion.
Other appellate cases from both the First and Second Departments support partial readiness. People v Gray (7 Misc 3d 127[A], 2004 NY Slip Op 51864[U] [App Term, 2d Dept 2004]) and People v Castro (2001 NY Slip Op 50084[U] [App Term, 1st Dept 2001]) both hold unequivocally that the Criminal Procedure Law permits partial conversion. (See also People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996]; People v Hansen, NYLJ, Aug. 3, 1999, at 22, col 1 [App Term, 1st Dept 1999]; People v Ishmell, 13 Misc 3d 1236[A], 2006 NY Slip Op 52137[U] [Crim Ct, Kings County 2006]; People v Shadrin, 2002 NY Slip Op 50468[U] [Crim Ct, Kings County 2002].)
D. This Court is Not Persuaded by the Cases Cited in Opposition to Partial Conversion
The cases cited against partial conversion are People v Peluso (192 Misc 2d 33 [Crim Ct, Kings County 2002]), People v Davino (173 Misc 2d 410 [Crim Ct, Kings County 1997]), and People v Quiles (179 Misc 2d 59 [Crim Ct, NY County 1998]).
In Peluso (supra), the People failed to convert a count of criminal contempt because they served and filed an order of protection, the date of which did not match the order of protection *172 described in the complaint. When they were unable to file the correct order of protection within their speedy trial time, they instead served and filed a “Statement of Partial Readiness” purporting to toll their speedy trial time as to the converted counts, and refused to dismiss the unconverted count until after their CPL 30.30 time had passed (at 35). The court there held that the People’s partial statement of readiness was not valid.
The Peluso court (at 39) rested its argument on three main points, that: (1) the statutory scheme of CPL 30.30 provides that “all the counts of an accusatory instrument be allotted the same time for the People to be ready” and should therefore not be analyzed individually; (2) the statute provides the People with other methods for curing a defect in a complaint — severance, dismissal or conversion — but does not provide for partial conversion; and (3) relying on People v Davino, that a court has no jurisdiction to try a partially converted complaint, so that while the People may partially convert the complaint, they can only announce ready on a fully converted instrument.
The analysis in Peluso relies on that court’s reading of the statute and on People v Davino. People v Davino, however, does not fully oppose the practice that the defendant in this case would like us to prevent. In that case, one of the three supporting depositions filed by the People contained a defect that was not apparent to the parties until after the People had announced ready, similar to the facts in our case.[3] The People requested an adjournment so that they could convert the remaining charge. Weeks later, having failed to repair the defect, the People moved to dismiss the unconverted charge and announced ready again. By their second statement of readiness, however, the People’s CPL 30.30 time had expired.
The Davino court, while recognizing the Appellate Term’s decision in People v Minor, found this second statement of readiness ineffectual — not because their speedy trial time was never tolled, but because their adjournment with full knowledge that their complaint was defective rendered their first statement of readiness invalid. The People, in postreadiness, had failed to convert or dismiss within the remainder of their CPL 30.30 time. “[Wjhen the People announce ready on a partially converted instrument, while the speedy trial time may be tolled *173 as to the corroborated charge, the People cannot in fact proceed to trial until the uncorroborated charge is converted or dismissed.” (Davino, 173 Misc 2d at 411 [emphasis added].)
Finally, in People v Quiles, the People argued that although they had not filed a corroborating affidavit necessary to convert three of the five counts in the complaint, their assertion of readiness was valid as to the entirety of the instrument. As the court noted, the People did not argue that their readiness was valid only as to the converted counts. (179 Misc 2d at 62.) On these facts, the court dismissed the unconverted counts, citing People v Minor. The court further held, citing People v Davino, that the People’s request for an adjournment to convert those counts, and their failure to dismiss or convert them before expiration of their CPL 30.30 time, invalidated their statement of readiness for trial as to the timely converted counts.
The portion of People v Peluso that relies on Davino and Quiles to oppose partial conversion in any form is therefore unpersuasive. For the reasons stated below, we are also unpersuaded by the Peluso court’s reading of the statute.
E. Statutory Interpretation Supports Partial Conversion
The most logical reading of CPL 30.30 and other provisions of the Criminal Procedure Law supports partial conversion. CPL 30.30 provides a time limit within which the People must be ready for trial, which does not necessarily require them to be ready on every count. CPL 170.30 (1) (e) provides that the local criminal court may dismiss an accusatory instrument “or any count thereof’ where the defendant has been denied the right to a speedy trial. This language is echoed in CPL 210.20 (motion to dismiss or reduce an indictment). CPL 100.40 provides that an information, “or any count thereof,” may be dismissed for facial insufficiency. These sections, particularly CPL 170.30 (1) (e), require a count-by-count reading of a complaint, and provide for a situation where one count of a complaint could be dismissed for exceeding the speedy trial time, a situation that could only arise if the complaint was not fully converted. (See also People v Hussein, supra [each count of a complaint is to be considered separately].)
The defendant argues in his reply that because CPL 710.30 was enacted before CPL 30.30, the language in CPL 710.30 about dismissing an individual count could not have been intended to abrogate the language of CPL 30.30. However, CPL 30.30 (1), by its own language, refers to CPL 710.30. If there had been an intention to bar the count-by-count adjudication of *174 the speedy trial rule, CPL 30.30, which was enacted later in time, could have so indicated. (See People v Anderson, 66 NY2d at 535 [“(CPL 30.30) is to be interpreted in light of its purposes and legislative history, but also so as to harmonize its various provisions”].)
The defendant finally argues in his reply that the memorandum in support of the bill contemplated the need for all criminal charges on one complaint to be brought to trial within the same required time frame (defendant’s reply at 5-6). The language he cites, however, merely reflects the statute’s purpose: to ensure that the prosecution is ready for trial within a specified time. The defendant has cited no language, either in the statute or in its history, that prevents or opposes partial conversion, and has failed to establish how allowing partial readiness could undermine this statutory purpose. Even in a system that allows partial conversion, no count can be brought to trial once its CPL 30.30 time has expired.
E Policy Reasons Support Partial Conversion
Lastly, the defendant and the People advance opposite policy grounds, each arguing that adopting the other party’s position would sound the death knell of efficiency in criminal court. This court declines to be moved by the opposing parade of horribles painted in the People’s opposition, which predicts that future prosecutors will file myriad one-count complaints to get around a rigid conversion rule, and in the defendant’s reply, that at each adjournment each count would proceed at a wildly different pace, perhaps engendering separate CPL 30.30 motions for each count. Nevertheless, this court finds that policy reasons support partial conversion.
Partial conversion, like severance and dismissal, is one instrument in the People’s procedural arsenal. Where the Criminal Procedure Law does not mandate otherwise, the People should be free to determine which method of divesting a complaint of a count is proper in each case. Severance is available to both parties where one trial would be inappropriate. (CPL 200.20.) Dismissal is appropriate for a situation where evidence is not likely to be forthcoming. Similarly, partial conversion is a method for safeguarding converted counts, sometimes with the expectation that the People will be able to convert other charges in time. All of these methods, including partial conversion, are subject to limiting rules, such as CPL 30.30, which exist to prevent prejudice to the defendant.
Second, the “all-or-nothing” approach to readiness advanced by the defendant logically results in a situation where a mistake *175 in one count of a complaint could result in the dismissal of the entire instrument, making the People’s readiness illusory. This approach encourages defendants, wherever there has been any subtle flaw in conversion, to lie in wait for the lapse of speedy trial time before announcing that the People were not and could never have been ready for trial because of this flaw. This occurred in People v Brooks (supra). We find no support in legislative history or otherwise for this form of legal gamesmanship or “gotcha,” which we find would be contrary to public policy.
Finally, the “all-or-nothing” approach requires courts to conduct a legal sufficiency analysis for every CPL 30.30 motion, something that is clearly not intended by the statute’s separate treatment of dismissal for speedy trial violation and dismissal for facial insufficiency.
In addition to authority, this court therefore finds that legislative history and policy favor partial conversion. This court therefore holds that the converted counts in the complaint, those of criminal mischief, resisting arrest and marijuana possession, as to which the People announced ready, were not affected by the failure to convert or dismiss the other counts prior to the expiration of CPL 30.30 time.
III. Conclusion
Accordingly, defendant’s motion to dismiss is granted only as to the unconverted counts of assault in the third degree (Penal Law § 120.00 [1]), harassment in the second degree (Penal Law § 240.26 [1]), and menacing in the third degree (Penal Law § 120.15) and is denied as to the counts of criminal mischief (Penal Law § 145.00), resisting arrest (Penal Law § 205.30) and possession of marijuana (Penal Law § 221.05).

. Either dismissal or severing of unconverted counts would require a court order, which defendant argues could have been timely obtained by advancing the case for that purpose, or by filing a statement of readiness which dismissed the unconverted counts by the 90th day.

. Brooks was decided by a divided court, over a vigorous dissent by Justice Suarez, who found that “the removal of defective [unconverted] counts is a condition precedent to deeming the instrument an information” (190 Misc 2d at 253), and as “the 90th day draws near, the prosecutor needs only to reshape the instrument and remove the defective counts.” (Id. at 255.)

. In our case, the People requested an adjournment from December 13, 2006 to February 15, 2007 for full conversion.