*463 OPINION OF THE COURT
Ruth E. Smith, J.
Defendant moves to dismiss the accusatory instrument filed against her in the above-entitled action pursuant to CPL 30.30 (1) (a). For the reasons that follow, defendant’s motion is granted.
Procedural History
Defendant was arraigned November 13, 2007 on a criminal court complaint charging her with assault in the second degree (in violation of Penal Law § 120.05 [3]), a class D felony, and two class A misdemeanors, obstructing governmental administration in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law § 205.30). The case was adjourned to December 12 for grand jury action. On December 12, 2007, as the grand jury had taken no action, the case was adjourned to January 16, 2008, for reduction.
On January 16, 2008, the People stated that the case was “on for reduction” and served and filed what purported to be a “superseding information and two supporting depositions” (tr at 2). The People failed to proffer any reasons for the reduction, nor did they explain the resulting reduced charge (id.). Furthermore, the minutes of the proceedings reveal that defendant was never arraigned on this purported information (id.).
Rather than filing a superseding information, however, the People instead filed a copy of the previously filed criminal court complaint, dated November 12, 2007, charging the same violations of law, including the felony assault. The only difference from the complaint on which defendant had previously been arraigned was that the face of the new document was marked “superseded complaint.” (Emphasis added.)
Furthermore, the two supporting depositions served and filed in conjunction with the purported superseding information— both signed and dated November 16, 2007 — both make reference to an accusatory instrument also dated November 16, 2007. Each supporting deposition attests that the named affiant had “read the accusatory instrument dated November 16, 2007, in this action” and that “[t]he facts in that instrument stated to be on information furnished by me are true to my personal knowledge” (see November 16, 2007 corroborating affidavits of Police Officers Eric Ruiz and Ewa Lapinska). Despite these irregularities in the reduction the matter was adjourned to March 11, 2008, for discovery by stipulation (DBS).
*464 On March 11, 2008, the People served and filed DBS. Defendant was absent due to having recently given birth. The case was adjourned to April 10th for hearings and trial.
On April 10, 2008, both the People and defendant announced their readiness for trial, and the case was adjourned to April 18th.
On April 18, 2008, the People answered ready, but defendant sought additional discovery, and the case was adjourned to April 24th.
On April 24, 2008, the People said they were not ready due to the unavailability of the arresting officer and requested two weeks, and the case was adjourned to May 19th.
On May 19, 2008, the People answered ready for trial and served additional DBS on defendant. Defendant requested an adjournment to review the newly disclosed material.
On June 11, 2008, both parties answered ready but no court parts were available.
On July 17, 2008, the People were not ready because the assigned Assistant District Attorney was on trial. The People requested one week, and the case was adjourned to September 4, 2008.
On September 4, 2008, the People were not ready due to the unavailability of the arresting officer and requested one week. The case was adjourned to September 16th.
On September 16, 2008, the People had no file in court. The case was adjourned to October 28, and the court indicated that the People would be charged until they served and filed a statement of readiness. The People filed a statement of readiness off calendar on September 30, 2008.
On October 28, 2008, both sides were ready for trial, but no parts were available. The case was adjourned to December 2nd.
On December 2, 2008, after having initially announced their readiness for trial, the People were not ready to proceed at an afternoon second call. The case was adjourned to January 7, 2009, and the court indicated that the People would be charged until they served and filed a statement of readiness. No statement of readiness was served thereafter.
On January 7, 2009, the People answered ready, and defendant interposed the instant motion.
Discussion
Defendant maintains that the People’s assertions of readiness were illusory since they never properly converted even the mis *465 demeanor charges in this case. The People claim that they properly converted the instrument, at least with respect to the misdemeanors. They assert further that the fact that the felony was not properly reduced has no impact on the propriety of their announcements of readiness with respect to the misdemeanor charges. This court disagrees.
On January 16, 2008, when the case was on for reduction of the felony complaint, such reduction was not accomplished, as the filing of what purported to be a superseding information— but what turns out in fact to have been an identical copy of the original felony complaint marked “superseded complaint” — did not conform with CPL 180.50 (see People v Dion, 93 NY2d 893 [1999]; People v Stinson, 22 Misc 3d 136[A], 2008 NY Slip Op 52662[U] [App Term, 9th & 10th Jud Dists 2008]; People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 9th & 10th Jud Dists 2008]).
Reduction could have been accomplished “by replacing the felony complaint with, or converting it to, another local criminal court accusatory instrument” (CPL 180.50 [3]). Had the court noted the dismissal of the felony assault charged under Penal Law § 120.05 (3) upon the face of the felony complaint, or a copy thereof, or in notations attached thereto, then the felony complaint would have effectively been reduced pursuant to CPL 180.50 (3) (a) (iii). In this case, however, there are three copies of the felony complaint present in the court file. There is no indication on or attached to any of the copies that the felony charge has ever been dismissed.
Furthermore, there is no indication in the court file that the People ever moved to dismiss the felony charge. Rather, the record indicates that the People intended to effect reduction of the felony complaint by replacing the felony complaint with an information (see CPL 180.50 [3] [d]) accompanied by two supporting depositions (tr of Jan. 16, 2008 proceedings at 2). Such reduction was ineffective, however, because what was filed in court on January 16, 2008 did not constitute “an information, a prosecutor’s information or a misdemeanor complaint” (see CPL 180.50 [3] [d]). The only accusatory instrument ever filed in this criminal action charges Penal Law § 120.05 (3), a class D felony. The statutory definitions of an “information” (CPL 100.10 [1]), a “prosecutor’s information” (CPL 100.10 [3]) and a “misdemeanor complaint” (CPL 100.10 [4]), however, each require that such accusatory instruments charge the commission of one or more offenses, “none of which is a felony.”
*466 Notably, “[a]n attempted reduction of a felony complaint, even though acquiesced to by [a] defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending” (People v Minor, 144 Misc 2d 846, 848 [App Term, 2d & 11th Jud Dists 1989]). Accordingly, the only accusatory instrument ever filed in this criminal action remains a “felony complaint” (CPL 100.10 [5]).
Furthermore, had the felony complaint ever been replaced with an information pursuant to CPL 180.50, the court would have had to “arraign the defendant upon the new accusatory instrument and inform him of his rights in connection therewith in the manner provided in [CPL] 170.10” (CPL 180.50 [3] [d]). No arraignment occurred on January 16, 2008 (tr at 2).
For purposes of defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30, because defendant is charged with a felony, the People had to be ready for trial within six months of the commencement of the action (CPL 30.30 [1] [a]). The action was commenced by the filing of the felony complaint at defendant’s November 13, 2007 arraignment. In this case, six months, from November 13, 2007 to May 13, 2008, is 182 days; therefore, the People had 182 days in which to be ready for trial. The day on which the action is commenced is not included in the computation of time chargeable to the People under CPL 30.30 (People v Stiles, 70 NY2d 765 [1987]).
Under this calculation, the time period from defendant’s November 13, 2007 arraignment until January 16, 2008, the day the People purported to file a superseding information and the case was adjourned for discovery — 64 days — is chargeable to the People.
However, “even where a defendant’s actions do not prevent the People from obtaining an accusatory instrument sufficient for trial, [s]he may waive delays in the proceedings by requesting or consenting thereto” (see People v Jones, 151 Misc 2d 582, 584 [App Term, 2d & 11th Jud Dists 1991], citing People v Worley, 66 NY2d 523, 527 [1985]). Thus, the time period during which defendant’s request for DBS was pending is excluded (see People v Dorilas, 19 Misc 3d 75, 76 [App Term, 2d & 11th Jud Dists 2008]).
The remainder of the time, from March 11, 2008, when the People served and filed DBS, until defendant’s filing of the instant motion on January 7, 2009 — 302 days — is chargeable to the People, less any specific requests by defendant. In this case, the 30-day period from March 11, 2008 until April 10, 2008 is *467 excludable due to defendant’s absence from the proceedings. Further, the six-day period from April 18, 2008 until April 24, 2008 is likewise excludable as a specific defense request. Furthermore, the 23-day period from May 19, 2008 to June 11, 2008 for review of DBS material is excludable. Accordingly, at a minimum, 243 days are chargeable during this period. When coupled with the aforementioned 64-day period, this results in a total of 307 days of delay chargeable to the People.
Though the People’s first assertion of their readiness for trial occurred on March 11, 2008 at the latest, they were not “in fact ready to proceed” to trial in Criminal Court — on the felony complaint — on that or any subsequent date (People v Kendzia, 64 NY2d 331, 337 [1985]; People v Jones, 151 Misc 2d 582 [App Term, 2d & 11th Jud Dists 1991]).
The People rely on People v Dion (93 NY2d 893 [1999]) to maintain that a felony charge remaining on the accusatory instrument does not, for CPL 30.30 purposes, impact the effectiveness of their announcements of readiness to proceed on the misdemeanor charges. As defendant points out, Dion is distinguishable on several bases, and the People’s reliance thereon is misplaced. Dion does not support a finding that the People were in fact ready to proceed on the misdemeanor charges, even when considered in isolation from the felony.
First of all, Dion was decided after the defendant therein had been tried and convicted on charges which, unlike the case at bar, were in fact properly reduced to misdemeanors prior to trial (id.). Second, the Court of Appeals found that, applying the time period applicable to felonies under CPL 30.30 (1) (a), the People were not chargeable with six months “in view of defendant’s numerous pre-trial motions and five changes of attorney” (93 NY2d at 894, citing CPL 30.30 [4] [a], [f]).
The Dion court found that the initial failure of the court to conform the purported reduction with CPL 180.50 did not render the People’s assertions of readiness, which had come prior to proper reduction, ineffective. The Court of Appeals found that the People’s readiness with respect to the misdemeanor charge that appeared on the initial felony complaint and the subsequently reduced accusatory instrument “was unaffected by the procedural mechanics of CPL 180.50” (93 NY2d at 894).
In contrast with Dion, in this case, the ineffectiveness of the reduction has yet to be remedied. The People served and filed a document they proffered as a superseding information, ac *468 companied by two supporting depositions which both purport to corroborate an accusatory instrument that was never actually filed with the court — i.e., one “dated Novemberl6, 2007.” This fact, that the supporting depositions do not actually support any accusatory instrument ever filed in this action, unaddressed by the People, renders Dion wholly inapposite. Even if this court were to agree that the felony complaint is severable for CPL 30.30 purposes with respect to the misdemeanor counts therein, the People could not have been ready for trial with respect to those charges because they remain unconverted (see People v England, 84 NY2d 1, 4-5 [1994]).
Conclusion
For the aforementioned reasons, defendant’s motion to dismiss the accusatory instrument for the People’s failure to provide defendant with a speedy trial pursuant to CPL 30.30 (1) (a) is granted, since 307 days are chargeable to the People.