People v Bowen-Rahaman (2023 NY Slip Op 50446(U))

[*1]

People v Bowen-Rahaman (Nicholas)

2023 NY Slip Op 50446(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2021-61 S CR

The People of the State of New York, Respondent, 
against
Nicholas Bowen-Rahaman, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Suffolk County District Attorney (Sharyn Gitter and Marion Tang of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Toni A. Bean, J.), rendered January 26, 2021. The judgments convicted defendant, upon his pleas of guilty, of criminal contempt in the second degree and assault in the third degree, and imposed sentences.

ORDERED that the judgments of conviction are reversed, on the law, the guilty pleas are vacated, the felony complaints are reinstated, and the matters are remitted to the District Court for all further proceedings. 
Insofar as is relevant to this appeal, defendant was initially charged, in separate felony complaints, with criminal contempt in the first degree (Penal Law § 215.51) and assault in the second degree (Penal Law § 120.05 [2]), class E felonies. Subsequently, the District Court purported to convert the felony complaints to misdemeanor informations, after which defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]), and assault in the third degree (Penal Law § 120.00 [3]), and he was sentenced to two, concurrent, five-month jail terms.
A review of the record indicates, and the People concede, that the felony complaints were not converted "into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged" (CPL 180.50 [3] [a] [iii]). A court's failure to adhere to the requirements of CPL 180.50 (3) (a) (iii) is a jurisdictional defect which cannot be waived by a guilty plea (see People v Smith, 71 Misc 3d 127[A], 2021 NY Slip Op 50225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50267[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). Notwithstanding the fact that the prosecutor and defense counsel agreed to the reduction, as the District Court's attempted conversions of the [*2]felony complaints were not done pursuant to the requirements of CPL 180.50 (3) (a) (iii), they were invalid and the felony complaints remain pending (see Taylor, 2020 NY Slip Op 50267[U]; People v Kane, 57 Misc 3d 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Stinson, 22 Misc 3d 136[A], 2008 NY Slip Op 52662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]).
We pass on no other issue.
Accordingly, the judgments of conviction are reversed, the guilty pleas are vacated, the felony complaints are reinstated and the matters are remitted to the District Court for all further proceedings.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023